PEOPLE v. THOMAS.

1. CRIMINAL LAW — BREAKING AND ENTERING — EVIDENCE — RES GESTÆ.

In a prosecution for breaking and entering a store in the nighttime, the court properly rejected the testimony of the owner of the store, who was a witness for the people, on cross-examination, as to a conversation had with defendant when he was in jail; it being no part of the res gestæ.

2. SAME — EVIDENCE — IDENTIFICATION OF STOLEN PROPERTY.

Where the owner of the store burglarized identified a tire offered in evidence as one of those stolen from him, the claim of defendant's counsel that the admission of the tire in evidence was error because it was not properly identified, is without merit.

3. SAME — BURGLARY — LARCENY — TRIAL — INSTRUCTIONS — POSSESSION OF STOLEN PROPERTY — MISCARRIAGE OF JUSTICE.

The omission of the word "unexplained" from the charge of the court that recent possession of stolen property is some evidence of guilt, held, not reversible error, where no request to charge was made, and an examination of the record shows no miscarriage of justice requiring reversal under 3 Comp. Laws 1915, § 14565, but shows that defendant is fortunate in being convicted of larceny rather than burglary.

Error to recorder's court of Detroit; Marsh (Pliny W.), J. Submitted January 12, 1923. (Docket No. 155.) Decided March 22, 1923.

Richard Thomas was convicted of larceny, and sentenced to imprisonment for not less than 2 nor more than 5 years in the State prison at Jackson. Affirmed.

*McClear, Stein, Newman & Penniman,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *Edwin S. Bartlett,* Assistant Prosecuting Attorney, for the people.

MOORE, J.   The defendant was charged with breaking and entering a store in the nighttime and with the offense of larceny of property of the value of $328. Mr. Thomas was convicted of the larceny of property of the value of $328.   The record fairly shows that about the hour of 3 o'clock on the morning of July 15, 1922, the store of Leslie F. Taylor, located at 1866 Michigan avenue in the city of Detroit, was broken into and 13 automobile tires stolen therefrom.   A police officer testified that he saw two men carrying tires from this store, but he was unable to identify the men or the car as the men made a "get away" as they saw him approaching them.   Some time later, but the same night, a car with automobile tires in it and driven by Christler, and in which was Thomas, was overtaken by an officer who was in chase of the car about a mile from Mr. Taylor's store.   The tires were piled in the back seat of the car.

At the time of the arrest Mr. Thomas told the officer that he had been picked up by Christler and taken as an innocent passenger.   Christler said the same thing and told the officers that Thomas knew nothing of the theft of the tires and was merely a passenger with him.

Before the jury was sworn the defendant filed a written challenge to the array claiming that Act No. 364, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 14725 [15]), was unconstitutional.   This is the act creating the new and separate jury commission for the recorder's court for the city of Detroit.

Soon after the burglary Mr. Taylor was notified of what happened at his store which he had locked

securely the night before, and upon arriving at the store soon after he was notified found that the front door had been pried open with a jimmy, and that 13 tires had been stolen. He identified the tires which were in the automobile with Thomas and Christler as his tires which had been stolen from his store. During the course of the trial the defense sought, on cross-examination, to have the witness, Leslie F. Taylor, testify as to his conversation with the defendant, Thomas, when Thomas was in jail. The testimony was excluded. Not all the errors assigned are discussed by counsel, and we suppose those not discussed are abandoned.

The first assignment of error requiring attention is the claim that the court erred in refusing to permit Leslie F. Taylor, a witness for the people, to testify as to his conversation with the defendant, because it was a part of the *res gestæ*. This conversation was not at the time of the breaking open of the store, nor at the time of the arrest, but it was after the defendant was locked up.

We quote from the record:

*"The Court:* You hardly claim that it is a part of the *res gestæ?*

*"Mr. McClear:* No, I couldn't say it is a part of the *res gestæ."*

We think the counsel was right when he answered the inquiry of the judge, and is wrong in his present contention.

The second assignment requiring attention is the claim that the court erred in admitting in evidence people's Exhibit 1, because the same was not properly identified. It is a complete answer to this claim that Mr. Taylor identified the tire, Exhibit 1, as one of those stolen from him.

The remaining assignment of error requiring attention is the claim that the court erred in his charge

to the jury that recent possession of stolen property is some evidence of guilt.

The particular portion of the court's charge assigned here reads as follows:

"Now I might say in this connection—there has been some parlance between counsel, that is why I have referred to it that recent possession of stolen property is some evidence of guilt on the part of the person thus in possession but it is not conclusive evidence. It is evidence that you have a right to take into consideration, giving it such weight or consideration as you in your judgment believe under the facts, as you may find the facts to be, as disclosed by the testimony in this case; that is such weight as you believe those facts would merit."

It may be well here to refer to what the judge called the parlance of counsel.

The prosecuting attorney was arguing that the recent possession of stolen property as shown by this record, we quote: "is proof of guilt and is proof of it beyond a reasonable doubt."

"*Mr. McClear:* Well, just a minute. I object to that. Proof of possession isn't any evidence of breaking and entering.

"*The Court:* I think the rule of law is that recent possession is some evidence. Recent possession of stolen property is some evidence, but not conclusive evidence of larceny.

"*Mr. McClear:* Yes, but not of breaking and entering as the charge is here.

"*The Court:* No."

It will be noticed that the counsel agreed with the court at that time.

It may be well to quote what the trial judge said to the jury upon the subject of larceny:

"Now, gentlemen of the jury, there is included within the offense charged in the information the offense of larceny. As I have already said, larceny is defined as the felonious taking and carrying away of the goods

and chattels of another, with the intent to permanently
deprive the owner of his property.    By 'felonious
taking' is meant taking without any color of right.
'Carrying away' means the removal from the place
of the goods where the owner has left them.    The
goods taken of course must be the property of
some person other than the one taking them.    It
must be the goods of another, and the goods so
taken must be taken with the intent on the part
of the person taking them to permanently deprive
the owner of his property.    I think it is un-
necessary for me to go into any discussion of that
further than that.   Now, I might say in this connec-
tion—there has been some parlance between counsel,
that is why I have referred to it—that recent posses-
sion of stolen property is some evidence of guilt on
the part of the person thus in possession, but it is not
conclusive evidence.    It is evidence that you have a
right to take into consideration, giving it such weight
or consideration as you in your judgment believe
under the facts, as you may find the facts to be, as dis-
closed by the testimony in this case, that is, such
weight as you believe those facts would merit.

"Now, if you find from the testimony in this case
that there was not a breaking on the part of this
defendant, as I have defined that to you, but that the
respondent entered the store of Leslie F. Taylor on
the night of the 14th of July, 1922, and from such
building or store carried away property of value, then
you should find the respondent guilty of larceny, in
which event it would be necessary for you to fix the
value of the property so taken.    The value of the
property alleged to have been taken in the information
is the sum of $328, but that does not govern you.    If
you are convinced beyond a reasonable doubt the
testimony here has established the respondent guilty
of the offense of larceny, then you would determine
from the testimony in the case what the value of the
goods so taken amounted to.

"There is a fundamental rule of law, gentlemen,
and I anticipate most, if not all of you are familiar
with it, that the defendant in every criminal case is
presumed to be innocent until his guilt is established
by competent testimony beyond a reasonable doubt.
That presumption of innocence starts at the very in-

ception of the case and continues until such time as you, and each of you, are satisfied beyond a reasonable doubt of his guilt."

It is now urged that the court should have said the "unexplained" recent possession of property, etc., and that he should have stated to the jury the claim of defendant as to his connection with the possession of the property, and that because he did not do so this is reversible error. No requests to charge were made by defendant, and we have already seen that he appeared to be satisfied with the statement of the judge upon the subject of recent possession.

What is the explanation of defendant as to his possession of the stolen property, which it is claimed the judge should have explained to the jury? He was not sworn as a witness nor was any witness sworn in his behalf. The explanation rests entirely upon the claim "The defendant told me (the officer who made the arrest) that Christler had picked him up" and "Christler told me that he had picked Thomas up." The record indicates very clearly that Christler was discriminating when he picked defendant up for the work he had in hand that night. The record shows the two were together when the automobile stopped before the store of Mr. Taylor. They were together when the front door, locked with two locks, was broken open with a jimmy. They were together when the tires were taken from the store and put in the automobile. The powder on the right side of defendant's clothes when he was arrested indicated he took an active part in removing the tires from the store. The two continued together when they made their "get away" as the officer approached them, and were still acting in concert when the arrest was made.

Section 14565, 3 Comp. Laws 1915, reads:

"No judgment or verdict shall be set aside or reversed, or a new trial be granted by any court of this State in any case, civil or criminal, on the ground

of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless, in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

An examination of the entire record does not show a miscarriage of justice. On the contrary it shows that the defendant is fortunate in that he was not convicted of burglary.

The judgment of the court is affirmed.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.