PEOPLE v. WILLIAMS.

1. CRIMINAL LAW—PERJURED TESTIMONY—RECORD.
    Defendant's claim that he was convicted by perjured testimony *held*, not shown adequately in the record, mere inconsistent statements of witnesses being insufficient.

2. EVIDENCE—INCONSISTENCIES IN TESTIMONY—CREDIBILITY.
    Inconsistencies between testimony must be resolved by the trier of facts and is affected by the credibility of witnesses, such be-

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error §§ 491, 492.
    41 Am Jur, Perjury § 6.
[2] 5 Am Jur 2d, Appeal and Error § 831.
[3, 4] 21 Am Jur 2d, Criminal Law § 401.
[5] 53 Am Jur, Trial § 1028.
[6] 46 Am Jur, Robbery § 4.

ing a matter to be determined by the trier of facts, who hears and sees the witnesses, and is best able to determine the weight to be accorded the various testimony.

3. CRIMINAL LAW—VENUE—OBJECTION AT TRIAL.
Lack of venue must be objected to at time of trial and failure so to object will not allow raising the question on appeal.

4. VENUE—NEW TRIAL—APPEAL AND ERROR.
No verdict will be set aside or new trial granted by reason of failure to show venue unless the question is raised before the case is submitted to the trier of the facts (CL 1948, § 767.45).

5. CRIMINAL LAW—PREJUDICE.
Verdicts will not be held invalid in the absence of a prejudicial defect.

6. SAME — ARMED ROBBERY — DANGEROUS WEAPON — BOTTLE — EVIDENCE.
Trial court's determination that defendant had used a bottle as a dangerous weapon, was a finding of fact within the robbery armed statute, and sustained by the proofs adduced (CLS 1961, § 750.529).

Appeal from Recorder's Court; Gillis (Joseph A.), J. Submitted Division 1 June 9, 1965, at Detroit. (Docket No. 83.) Decided September 20, 1965. Rehearing denied November 3, 1965. Leave to appeal denied by Supreme Court March 23, 1966. See 377 Mich 705.

Kenneth Hubert Williams was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Rheo C. Marchand,* Assistant Prosecuting Attorney, for the people.

*James A. Jameson,* for defendant.

LESINSKI, C. J. Kenneth Hubert Williams appeals a conviction in the recorder's court of the city

of Detroit on a charge of robbery armed in violation
of PA 1959, No 71 (CLS 1961, § 750.529 [Stat Ann
1963 Cum Supp § 28.797]). Represented by counsel,
defendant expressly waived a jury trial.

Appellant's appeal is based on three charges of
error, specifically that (1) the conviction was based
on perjured testimony, (2) venue was not estab-
lished and, (3) there was no evidence in the record
to support a conviction of the crime charged.

There is no adequate showing in the record that
perjured testimony was given by the complainant
or other witnesses, although statements of the wit-
nesses were inconsistent with one another. Bare
inconsistencies must be resolved by the trier of the
facts. The testimony presented in any case is af-
fected by the credibility of witnesses and such is a
matter to be determined by the trier of facts who
hears and sees the witnesses and is best able to
determine the weight to be accorded the various
testimony. *People* v. *Eger* (1941), 299 Mich 49;
*People* v. *Chesbro* (1942), 300 Mich 720; *People* v.
*Schram* (1965), 1 Mich App 279.

The court in denying defendant's motion to set
aside the adverse verdict and for a new trial stated
that it had given due consideration to certain addi-
tional affidavits and memoranda of law submitted,
however, it found no reason to alter its determina-
tion as to the credibility of the witnesses. In this
we find no error.

Failure to establish venue is a matter to be pre-
served at trial. Defendant raised no objection at
that time and will not be permitted to do so on
appeal. Had it been raised at trial, it would have
been a simple matter to correct. This objection to
venue falls before the statute which provides that
the indictment or information shall contain aver-
ments that the offense was committed in the county
or within the jurisdiction of the court, and clearly

requiring that the question of venue be raised by the accused before the case is submitted for determination. CL 1948, § 767.45(3) (Stat Ann 1954 Rev § 28.985[3]). In further support of this holding we state that no verdict shall be invalid by reason of a nonprejudicial defect. *People* v. *Thompson* (1931), 255 Mich 252. The record clearly indicates that no one was misled in this case.

As to the third point raised on appeal it is sufficient to state that a review of the record and proceedings in this matter satisfies this Court that the accused was found guilty by the trial judge on facts and proofs sufficient to sustain the verdict. The trial court's determination that defendant used a dangerous weapon, to wit: a bottle, was a finding of fact within the statute and does not merit further discussion by this Court.

Verdict of guilty affirmed.

BURNS and WATTS, JJ., concurred.