## PEOPLE v. HARRINGTON

1. BURGLARY—BREAKING AND ENTERING—EVIDENCE—ADMISSIBILITY —STOLEN GOODS.

Testimony that a party store was broken into and that a number of cartons of cigarettes were stolen, that on the night of the theft defendants were occupying a room in a motel next door to the party store, that on the night in question defendants had left the motel on foot and returned shortly carrying a pillowcase full of cigarettes, that one of the defendants announced in the presence of others that they had just "pulled a B & E", that two of the defendants then took the keys to a friend's car and left the motel for the announced purpose of hiding the cigarettes, that a police officer later apprehended the car and after receiving permission from the owner opened the trunk of the car and discovered a motel pillowcase containing a number of packages of cigarettes, *held*, a sufficient foundation for the introduction in evidence at the trial of the cigarettes contained in the trunk (MCLA § 750.110).

2. EVIDENCE—CREDIBILITY—JURY QUESTION.

The credibility of evidence introduced at a criminal trial is to be weighted by a jury.

3. SEARCHES AND SEIZURES—FRUITS OF CRIME—REASONABLE CAUSE.

Evidence consisting of packages of cigarettes, part of the fruits of breaking and entering a store, *held*, properly seized in connection with an arrest for probable cause by a police officer investigating the breaking and entering who learned of the disappearance of linen from an adjacent motel room occupied by defendants and others, the next day stopped an automobile registered as belonging to one of the occupants

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  13 Am Jur 2d, Burglary § 45.
[2]  53 Am Jur, Trial § 181.
[3]  47 Am Jur, Searches and Seizures §§ 18, 19.

of the motel room, observed a pillow belonging to the motel through the window, and found the cigarettes in the trunk of the car upon searching it with permission of the car owner (MCLA § 750.110).

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 April 16, 1969, at Lansing. (Docket No. 5,357.)  Decided May 28, 1969.

Phillip Harrington and Wayne Laingren were convicted of breaking and entering.  Defendants appeal.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Vernon M. Fitch,* for defendants.

BEFORE: McGREGOR, P. J., and R. B. BURNS and DANHOF, JJ.

McGREGOR, P. J.  The basic question before this Court in this matter is whether fungible goods must be specifically identified, or whether circumstantial evidence is a sufficient foundation for admission into evidence of such goods.  Defendants Harrington and Laingren, two of four defendants, were convicted by a circuit court jury of the crime of breaking and entering on June 30, 1967.  MCLA § 750.110 (Stat Ann 1968 Cum Supp § 28.305).

On the night in question, a breaking and entering involving the taking of several packages of cigarettes was reported at a party store adjacent to a motel, in which the four defendants had occupied a room. While investigating the breaking and entering, the police officer learned about the disappearance of

some motel linen from the motel room which had been occupied by the four defendants and which had been registered in the name of Sherman A. Littke, who was known to the officer. The officer obtained a description and license number of the automobile registered as belonging to one of the motel occupants. One day later, the same officer observed the automobile and, upon looking through its windows, saw inside a pillow case bearing the name of the motel. He arrested the occupants (one of whom was Harrington) for larceny in a building. CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592). After receiving permission from the automobile owners, but without a warrant, the officer searched and found a quantity of cigarettes in the automobile trunk, some of which were in a pillow case. Afterwards, Laingren was arrested and all four defendants were charged with breaking and entering.

Defendants Harrington and Laingren appeal, raising as issues the propriety of the court's admission into evidence of the cigarettes found in the trunk. Specifically, the defendants contend the evidence was not competent since there was no testimony indicating the seized cigarettes were the same as those cigarettes alleged to have been stolen; and secondly, they contend the cigarettes were the fruits of an unlawful search and seizure, arising out of an illegal arrest, and therefore, the introduction of the fruits of such illegal search constituted reversible error.

An examination of the transcript establishes that the prosecuting attorney did lay a sufficient foundation prior to the introduction of the cigarettes seized in the search. The record shows that the testimony before the fungible goods (packs of cigarettes) were admitted into evidence established an adequate foundation for their admission, *viz.:* (1)

A party store was broken into during the early morning of June 30, 1967; (2) approximately 25 or 30 cartons of various brands of cigarettes were stolen from the store; (3) the four defendants, including defendants Harrington and Laingren, were occupying a room in the motel, next door to the party store, during the early morning of June 30, 1967; (4) during the early morning of June 30, 1967, the four defendants, including appellants Harrington and Laingren, left the motel on foot; (5) the four defendants returned shortly, carrying three or four cases of beer and a pillow case full of cigarettes; (6) one of the defendants announced in the presence of the other defendants that they had just pulled a "B & E"; (7) two of the defendants then took the keys to Mary Roberts' car and left the motel for the announced purpose of hiding the cigarettes and beer; (8) one day later, July 1, 1967, Detective Teeples apprehended the car belonging to Mary Roberts; (9) after receiving permission from the owners of the car, Detective Teeples opened the trunk of the car and discovered a motel pillow case which had a number of packages of cigarettes in it, a Stroh's beer case containing a number of packages of cigarettes in it, and a number of loose packages of cigarettes inside the trunk.

Having introduced testimony indicating a breaking and entering had occurred, involving the taking of several packages of cigarettes, coupled with additional testimony indicating defendants had been involved in a breaking and entering, it was competent to introduce the several packages of cigarettes found in the trunk of the car. Whether defendants did commit the breaking and entering was a question to be decided by the jury, after the introduction of the testimony, and it was for the jury to weigh the

credibility of the evidence introduced in making the determination. *People* v. *Allen* (1958), 351 Mich 535.

The standards establishing a lawful search and seizure are set forth in *People* v. *Wolfe* (1967), 5 Mich App 543. There was no motion prior to the trial to suppress the evidence. The record indicates the police officer in this case, as in *Wolfe, supra,* had reasonable cause to believe the occupants of the automobile had been involved in a felony and the search was therefore legal. There was no abuse of discretion in the admission of the evidence.

Affirmed.

All concurred.