## PEOPLE *v.* FRANKLIN

CRIMINAL LAW—LARCENY BY CONVERSION—EVIDENCE—TESTIMONY—
CREDIBILITY—JURY QUESTION.

Whether an inference of fraudulent conversion arising from defendant's possession of an automobile for 48 days, although the owner instructed him to return it the same day, was overcome by defendant's testimony, as corroborated, that unanticipated events prevented its return, that he never considered the vehicle was his, that he never attempted to alter or dispose of it and that he was in the process of returning it when apprehended is dependent on the credibility of that testimony and credibility is for the jury (CL 1948, § 750.362).

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 June 4, 1969, at Lansing. (Docket No. 5,436.) Decided June 23, 1969.

Billy G. Franklin was convicted of larceny by conversion. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, and *Roger Kittendorf,* Assistant Prosecuting Attorney, for the people.

*W. Schuyler Seymour, Jr.,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobiles and Highway Traffic § 303 *et seq.*

BEFORE: Lesinski, C. J., and Quinn and Danhof, JJ.

Per Curiam. Defendant appeals his jury trial conviction and subsequent sentence for larceny by conversion (MCLA § 750.362 [Stat Ann 1954 Rev § 28.594]). The only question raised on appeal relates to the sufficiency of the evidence to establish the element of fraudulent conversion.

July 15, 1967, defendant was entrusted with an automobile to test drive by the owner-operator of a used car lot in Flint. Defendant was instructed to return the vehicle by 1:30 p.m. the same day. The automobile was not returned nor did defendant communicate with the lot owner-operator. The vehicle was eventually located August 31, 1967 in South Haven, Michigan, where defendant was arrested.

Defendant testified to events unanticipated by him when he obtained the automobile which prevented its return. He further testified that he never considered the vehicle was his, that he never attempted to alter or dispose of it and that he was in the process of returning it when apprehended. Some portions of this testimony were corroborated by other witnesses.

Whether the inference of fraudulent conversion arising from defendant's acts with respect to the automobile was overcome by defendant's testimony as corroborated is dependent on the credibility of that testimony. Credibility is for the jury. *People v. Williams* (1965), 1 Mich App 441.

Affirmed.