PEOPLE *v.* COWARD

1. BURGLARY—BREAKING AND ENTERING—EVIDENCE—STOLEN GOODS—
PROPER FOUNDATION.

Identification of a stolen drill by the owner, a person who pur-
chased the drill from the defendant, and a participant in the
crime was adequate foundation for the drill's admission into
evidence in defendant's trial for breaking and entering.

2. CRIMINAL LAW—PROSECUTOR'S DUTY—ALLEGATIONS TO BE PROVEN
—OPENING STATEMENTS.

Failure of the prosecutor to prove allegations made in his open-
ing statement is not reversible error in the absence of bad
faith or prejudice to the defendant.

3. CRIMINAL LAW—PROSECUTOR'S DUTY—ALLEGATIONS TO BE PROVEN
—OPENING STATEMENTS.

Failure of the prosecutor to prove that the police traced the
defendant from his sale of stolen goods, after mentioning it
in his opening statement was not reversible error where the
evidence would have proven defendant was at the scene of
the sale and there was uncontradicted testimony connecting
the defendant with the sale.

Appeal from Monroe, James J. Kelley, Jr., J.
Submitted Division 2 December 14, 1970, at Lansing.
(Docket No. 9103.) Decided March 31, 1971.

James Ondray Coward was convicted of breaking
and entering with intent to commit larceny. De-
fendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 289, 290.
30 Am Jur 2d, Evidence § 1129.
[2, 3] 53 Am Jur, Trial §§ 452, 454.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Rostash,* Prosecuting Attorney, and *John T. Sullivan,* Chief Assistant Prosecutor, for the people.

*Patricia Costello,* for defendant on appeal.

Before: BRONSON, P. J., and R. B. BURNS and HOFF,* JJ.

PER CURIAM. After jury trial defendant was convicted on a charge of breaking and entering with intent to commit larceny. MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). He appeals claiming various allegations of error.

At the trial, a certain drill was admitted into evidence and defendant contends this was improper for lack of an adequate foundation. The drill owner identified it and testified it was missing after the breaking and entering. The drill was also identified by another witness who testified that not long after the crime he purchased it from the defendant. A participant in the crime also identified the drill. This was adequate foundation; the drill was properly admitted. *People* v. *Thomas* (1923), 221 Mich 651; *People* v. *Harrington* (1969), 17 Mich App 462.

Defendant also quotes a portion of the trial court's instructions to the jury and contends it is not a proper explanation of the term reasonable doubt.

This instruction reads:

"There is nothing different in the way a jury is to consider the proof in a criminal case from that in which all reasonable persons treat any important question depending upon the evidence before them.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

You are expected to use your good sense, and consider the evidence only for those purposes for which it has been admitted and give it reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings."

We find the quoted instruction is not the trial court's instruction on reasonable doubt. In another portion of the instructions the trial court fully and correctly explained the meaning of that term. The instruction quoted above merely informs the jury how it may weigh the evidence.

Defendant also contends the trial court instructed the jury in a way that would lead them to believe that they must arrive at a verdict even if they had to sacrifice their honest convictions to do so. A review of the instructions in their entirety does not support this contention. The trial court only instructed the jury that in criminal cases a verdict must be unanimous.

Defendant contends that the prosecutor failed to prove allegations that he made in his opening statement. It is well settled that in the absence of bad faith or prejudice to the defendant this is not reversible error. *People* v. *Davis* (1955), 343 Mich 348; *People* v. *Thomas* (1952), 333 Mich 496; *People* v. *Ryckman* (1943), 307 Mich 631; *People* v. *Ecarius* (1900), 124 Mich 616. In his opening statement the prosecutor indicated that when the man who purchased the drill did so he wrote down the license numbers of two cars and gave the numbers to a police officer. The police traced the numbers and were led thereby to the defendant. The value of this is to place the defendant at the scene when the drill was sold. The fact that defendant sold the drill is uncontradicted. Every witness who testified on this question agreed to this fact. Defendant

agreed that the police officer to whom the numbers were given need not testify. On these facts we find no bad faith and no prejudice to defendant.

Defendant also contends there was not sufficient evidence for the jury to find guilt beyond a reasonable doubt. He bases this claim largely on the fact that an admitted participant in the crime testified defendant did not take part in the crime. However, another admitted participant in the crime testified defendant did take part. The question of which witness to believe was one of fact for the jury to determine. *People* v. *Franklin* (1969), 17 Mich App 657.

Judgment affirmed.