PEOPLE v HALE

Docket No. 45262. Submitted January 4, 1980, at Lansing.—Decided
· March 18, 1980.

Richard O. Hale was convicted of felonious assault and of resist-
ing arrest, Clare Circuit Court, Paul F. O'Connell, J. Defendant
appeals, alleging that by his conviction of both crimes he was
twice placed in jeopardy and that the felonious assault charge
should not have been submitted to the jury. *Held:*

1. It is not necessary to a finding of guilty of either felonious
assault or resisting arrest that the jury must have found the
defendant guilty of the other crime. The two crimes are inde-
pendent offenses with independent proofs. The defendant was
not subjected to double jeopardy.

2. An object not dangerous per se may be considered a
dangerous weapon if it is used in a dangerous manner. That
decision is for the fact finder.

Affirmed.

1. ASSAULT AND BATTERY — FELONIOUS ASSAULT — RESISTING ARREST
— DOUBLE JEOPARDY.

Felonious assault and resisting arrest are not crimes such that
proof of one necessarily requires proof of the other; conviction
of both crimes, resulting from a single transaction, does not
violate the prohibition against double jeopardy (MCL 750.82,
750.479; MSA 28.277, 28.747).

2. WEAPONS — ASSAULT AND BATTERY — FELONIOUS ASSAULT —
DANGEROUS WEAPONS — CRIMINAL LAW.

An object, not dangerous per se, may be considered a dangerous
weapon for purposes of the felonious assault statute if the
object is used in a dangerous manner (MCL 750.82; MSA
28.277).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Richard S. Al-*

REFERENCES FOR POINTS OF HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 182, 188, 189.
[2] 79 Am Jur 2d, Weapons and Firearms § 1.

*len,* Prosecuting Attorney (by *Thomas C. Nelson,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Dreyer & McLaughlin,* for the defendant on appeal.

Before: ALLEN, P.J., and V. J. BRENNAN and MacKENZIE, JJ.

PER CURIAM. Defendant Richard Ora Hale was convicted by a Clare County Circuit Court jury of felonious assault, contrary to MCL 750.82; MSA 28.277, and resisting arrest, contrary to MCL 750.479; MSA 28.747. The charges stemmed from a fracas between defendant and Deputy Richard Miller of the Clare County Sheriff's Department. Defendant was sentenced to a prison term of 2-1/2 to 4 years on the felonious assault count and 15 months to 2 years on the resisting arrest count. Defendant appeals his convictions as of right, raising two issues.

Defendant first contends that his right not to be placed in double jeopardy was violated by his conviction of both felonious assault and resisting arrest. Defendant relies upon those decisions which have found a double jeopardy violation where, on the facts of the particular case, the trier of fact must have necessarily found the defendant guilty of one of the offenses in order to have found him guilty of the other. See *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), *People v Anderson,* 83 Mich App 744; 269 NW2d 288 (1978).

This Court disagrees with defendant's contention that the jury must have found him guilty of either crime as a prerequisite to finding him guilty of the

other crime. Felonious assault under MCL 750.82; MSA 28.277, and resisting arrest under MCL 750.479; MSA 28.747, are independent offenses. It is not necessary that a physical interference be shown in order to establish a resisting arrest charge. *People v Kelley,* 78 Mich App 769; 260 NW2d 923 (1977). Likewise, the proof of felonious assault is independent from the proof of resisting arrest. We thus conclude that defendant's argument is without merit.

Defendant also argues that the felonious assault charge should not have been submitted to the jury. The facts of the present case are that defendant repeatedly kicked the Clare County deputy in the groin area while the deputy was attempting to arrest defendant and pull him from his automobile. The information upon which defendant was tried indicated that the defendant used a dangerous weapon, to-wit: a shoe, in committing the assault upon the deputy.

In *People v Buford,* 69 Mich App 27; 244 NW2d 351 (1976), this Court held that a boot could be considered a dangerous weapon under the felonious assault statute. The Court relied upon the Michigan Supreme Court holding in *People v Goolsby,* 284 Mich 375, 378; 279 NW 867 (1938), that an object, not dangerous per se, could be considered a dangerous weapon for purposes of the felonious assault statute if it is used in a dangerous manner. We thus conclude that a shoe as well as a boot may be considered a dangerous weapon under the statute since it is an object that may be used in a dangerous manner. It is for the fact finder to determine if the shoe was, in fact, employed in a dangerous manner. In the instant case, we are unable to conclude that the shoe was not a dangerous weapon as a matter of law.

Affirmed.