PEOPLE v PARKER (ON REHEARING)

Docket No. 78-4174. Submitted April 15, 1980, at Detroit.—Decided October 6, 1980. Leave to appeal applied for.

Defendant, Gregory D. Parker, was convicted of first-degree criminal sexual conduct and armed robbery in Detroit Recorder's Court, Samuel C. Gardner, J. The complaining witness testified that defendant sprayed something in her face, told her that he would stab her with a knife if she were not quiet, took $12 from her wallet and then had her drive to a secluded spot where he raped her. The conviction was affirmed by the Court of Appeals, 96 Mich App 80; 292 NW2d 167 (1980). Subsequently, the Court of Appeals entered an order granting a rehearing on the issue of whether there was sufficient evidence presented at trial to establish the dangerous weapon element of the crimes charged. *Held:*

There was sufficient evidence for the jury to find that the defendant was armed with a knife or with an article, such as the nail file found in defendant's clothing, used or fashioned in a manner to lead the victim to reasonably believe that the article was a knife. The victim does not have to be aware or believe that the robber is armed. Unarmed robbery becomes armed robbery if the robber carries a weapon even if it is concealed at all times. A person is guilty of first-degree criminal sexual conduct if he engages in sexual penetration, as defined in the statute, with a victim and if the perpetrator is armed with a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon. The jury could have found that defendant was armed with a knife because of his verbal statements that he would stab the complaining witness and his accompanying actions that led her to believe that he could stab her. The jury could also have found that even if the defendant did not actually have a knife, he used an article, such as the nail file, in a

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 67 Am Jur 2d, Robbery § 5.
[2] 75 Am Jur 2d, Trial § 319 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 831.
[5] 65 Am Jur 2d, Rape §§ 3, 4.

manner to lead his victim to reasonably believe that he had a knife at her side. By further finding that defendant subjected the complaining witness to criminal sexual penetration the jury could properly return a verdict of guilty of first-degree criminal sexual conduct. For the same reasons, the jury could have found that defendant was guilty of armed robbery when he took money from the victim.

Affirmed.

1. Robbery — Armed Robbery — Words and Phrases — Statutes.

The word "armed" as used in the armed robbery statute means furnished or equipped with a weapon; the actual display or use of the weapon is unnecessary because it is the possible use to which the weapon might be put that controls; unarmed robbery becomes armed robbery where a robber or an accomplice carries a weapon and it does not matter that the victim never actually sees the weapon or believes that the robber is armed (MCL 750.529; MSA 28.797).

2. Criminal Law — Jury Instructions — Factual Questions — New Trial — Appeal.

Determination of factual questions is a function of the jury in a criminal case and not of the trial court on motion for new trial or the Court of Appeals on appeal.

3. Criminal Law — Jury Instructions — Sufficiency of Evidence — Appeal.

The Court of Appeals does not reverse a jury conviction on the basis of insufficient evidence if it finds that there was testimony which, if believed by the jury, warranted a finding of the defendant's guilt beyond a reasonable doubt.

4. Robbery — Armed Robbery — Statutes.

Possession of a dangerous weapon at the time a robbery is committed is all that is necessary for a conviction under the armed robbery statute and the weapon need not be used or seen; if there is no possession of a dangerous weapon, the statutory alternative, "or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon", requires that the article be actually used or seen before a conviction can result and mere possession of the article will not suffice (MCL 750.529; MSA 28.797).

5. Rape — First-Degree Criminal Sexual Conduct — Elements — Statutes.

A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration, as defined in the statute, with a victim and the actor is armed with a weapon or

any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon (MCL 750.520b[1][e]; MSA 28.788[2][1][e]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Daniel J. Wright* and *Mardi Crawford,* Assistant State Appellate Defenders, for defendant on appeal.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. C. ELLIOTT,* JJ.

P. C. ELLIOTT, J. Defendant was charged with and convicted by a jury of first-degree criminal sexual conduct, MCL 750.520(b)(1); MSA 28.788(2)(1), and armed robbery, MCL 750.529; MSA 28.797. He claims this appeal by right.

The complaining witness testified that defendant sprayed something in her face as she exited from her car, told her that he would stab her with a knife if she were not quiet, took $12 from her wallet, then had her drive to a secluded spot where he raped her after a struggle. Defendant denied having taken any money and testified that the complainant consented to intercourse. Defendant's wallet was recovered from the complainant's car, and he was arrested at his boarding house that same night with $12 and a nail file found in the clothes that he was reportedly wearing at the time of the rape and robbery.

At trial, and now on appeal, defendant argues that because the complaining witness never actu-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ally saw the knife which defendant purportedly threatened her with, there was insufficient evidence to establish the dangerous weapon element of the crimes charged. The trial court found that sufficient evidence had been produced on this element to submit it to the jury.

We find that there was sufficient evidence for the jury to find that the defendant was armed with a knife or with an article, such as his nail file, used or fashioned in a manner to lead the rape-robbery victim to reasonably believe that the article was a knife. Compare *People v Klimek,* 172 Cal App 2d 36; 341 P2d 722 (1959).

We would be of the same opinion based upon the facts of this case—repeated threats to stab, arm around her neck with the other hand pressed against her side—even if we thought *People v Krist,* 93 Mich App 425; 287 NW2d 251 (1979), *lv den* 407 Mich 963 (1980), was correct. We wish to express the view that *Krist, supra,* is wrong.

The pertinent facts are stated, as follows, on page 430 of *Krist, supra:*

"Witness Timothy Tiegeler, a clerk at the Beverage Barn, testified that as he returned from the stockroom he was struck, thrown to the floor near the cash register and ordered to lie still. One of the assailants said, 'that they had a .357 magnum and they were going to blow my head off'. Tiegeler stated that although he never saw a gun, nor anything that looked like a gun, he conducted himself as though one was trained on him because of the threat made."

The *Krist* Court vacated the jury conviction of armed robbery and remanded for entry of a conviction of unarmed robbery. We disagree.

If either Krist or his confederate, Surline, was actually armed with the .357 magnum pistol at the

time of the robbery, they were both guilty of armed robbery although the gun was not used by either robber nor seen by the victim.

"The word 'armed' as used in statutes of this nature, means furnished or equipped, and the actual display or use of the weapon is unnecessary, since it is the possible use to which the weapon might have been put that controls." 77 CJS 464, 465.

In fact, the victim does not even have to be aware or believe that the robber is armed. See *People v Hall,* 105 Cal App 359; 287 P 533 (1930), *People v Klimek, supra, State v Farmer,* 324 A2d 739 (Me, 1974), and *State v Buggs,* 219 Kan 203; 547 P2d 720 (1976). What would otherwise be an unarmed robbery becomes armed robbery if, in fact, the robber or a partner carried a weapon although it was concealed at all times.

Whether or not Krist or Surline, his accomplice, actually possessed the .357 magnum that one of them said he had was a fact for the jury. The effect and the value of the evidence is for the jury to decide. In *People v Mosden,* 381 Mich 506, 510; 164 NW2d 26, 27 (1969), our Supreme Court held:

"Determination of the factual questions was definitely a function for the jury, not the trial court on motion for new trial nor this Court on appeal. We find there was testimony which, if believed by the jury, as it apparently was, warranted a finding of defendant's guilt beyond a reasonable doubt. We cannot reverse on this ground."

There was evidence that Krist or Surline was armed. One of them told Tiegeler, the victim, that he had a .357 magnum and would blow his head off. That verbal statement was direct evidence that the robber who made it was armed. The jury could

believe it and find that he was then telling the truth and was armed. The jury did not have to believe the trial testimony of Krist or of Surline that neither of them really had a gun. The Court of Appeals in *Krist, supra,* held that: "[a] verbal statement, without more, is insufficient"; but it was for the jury, not the Court of Appeals, to decide whether Krist or Surline was armed and whether the verbal statement of one of them of that fact was sufficient to establish that element of the crime.

The fallacy of the *Krist* case, *supra,* seems to be a belief that when a weapon is not used or seen, the robber cannot be found to have been "armed with a dangerous weapon", so that a conviction would have to be based upon the statutory alternative: "or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon". Although we agree that under that alternative phrase something must be used and words alone would not be sufficient, there was evidence in the *Krist* case, specifically the words spoken by the robber, from which the jury could conclude that he was actually armed. Therefore, the alternative, "any article used or fashioned", did not control that case.

Under MCL 750.520b(1)(e); MSA 28.788(2)(1)(e), a person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration, as defined, with a *victim* (defined as the person *subjected* to *criminal* sexual conduct) and if:

"(e) The actor is armed with a weapon or any article used or fashioned in a manner to lead the *victim* to reasonably believe it to be a weapon." (Emphasis added to dispute the possibility of overbreadth raised by commentary to CJI 20:2:10).

The jury that convicted Parker, the defendant in the case before us, could have found that he was armed with a knife because of his verbal statements that he would stab the complaining witness and his accompanying actions that led her to believe that he could. The jury could also have found that if he did not actually have a knife, he used an article, such as the nail file later found in his jacket, in a manner to lead his victim to reasonably believe that he had a knife at her side. Therefore, with the further finding that defendant subjected her to criminal sexual penetration, the jury could properly return a verdict of guilty of first-degree criminal sexual conduct. Likewise, the jury could have found that he was guilty of armed robbery when he took money from her. *People v Krist, supra,* is incorrect, creates error and should be repudiated, but its mistaken doctrine would not result in reversal of Parker's convictions anyway, because of Parker's actions in addition to his verbal assertions that he was armed.

We find that it was proper to permit use of defendant's prior conviction for impeachment. Our views concerning the MRE 609(a) question are stated in *People v Jones,* 98 Mich App 421; 296 NW2d 268 (1980).

We find that the remaining assertions of error are without merit.

Affirmed.

M. F. CAVANAGH, J., concurs in the result only.