PEOPLE v McCADNEY

Docket No. 52086. Submitted June 11, 1981, at Detroit.—Decided November 30, 1981.

Dwayne McCadney was ·convicted of armed robbery in Detroit Recorder's Court, George W. Crockett, III, J. The testimony at trial indicated that the complainant and her husband were approached from behind by the defendant and an accomplice. The accomplice hit the complainant's husband with a stick approximately three feet long while the defendant grabbed the complainant's purse. The complainant did not see the accomplice hit her husband with the stick; she did not even see the stick. The complainant's husband was unable to testify at trial because of a mental condition which predated the incident. The defendant appeals, alleging that (1) a stick is not an inherently dangerous weapon and thus falls within the statute prohibiting armed robbery only when it is used in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon and that since the complainant never saw the stick she could not have been led to reasonably believe it to be a dangerous weapon, a requirement for the crime of armed robbery, (2) the trial court erred in refusing to rule on the admissibility of certain testimony outside of the jury's presence, and (3) the trial court abused its discretion by allowing the complainant to testify as to her husband's physical condition after the criminal incident. The Court of Appeals initially reversed the defendant's conviction in an unreported opinion of August 11, 1981. Subsequently, the Court of Appeals granted a rehearing. *Held:*

1. It is a question of fact for the trier of fact whether a stick is a dangerous weapon in a particular case. A stick is not a dangerous weapon as a matter of law. The defendant was

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 67 Am Jur 2d, Robbery §§ 4, 5, 6, 23.
   79 Am Jur 2d, Weapons and Firearms §§ 1, 2.
[2] 'Walking cane as deadly or dangerous weapon for purpose of statutes aggravating offenses such as assault and robbery. 8 ALR4th 842.

criminally responsible for the acts of his accomplice as an aider and abettor.

2. The trial court erred in refusing to rule on the admissibility of certain testimony outside the jury's presence; however, the prosecutor's comments made in response to defense counsel's objection did not constitute misconduct. Any prejudice which may have resulted therefrom was eliminated by the trial court's instruction that the attorney's statements were not evidence.

3. The trial court's determination that the complainant's testimony as to her husband's physical condition after the criminal incident was more relevant than prejudicial was not an abuse of discretion.

Affirmed.

D. C. RILEY, P.J., dissented. She would reverse the defendant's conviction since she believes that the statute on armed robbery requires that the dangerous weapon be used in the assault of the complainant. She believes that the statute requires that the complainant be assaulted with a dangerous weapon before the defendant can be convicted of armed robbery. For a nondangerous weapon to be used or fashioned so as to "lead the person so assaulted" to believe it is a dangerous weapon, the complainant must be aware of its use in the assault. She would reverse the conviction.

OPINION OF THE COURT

1. WEAPONS — DANGEROUS WEAPONS.

Some weapons are dangerous because they are so designed and when they are used are deadly per se while other instrumentalities are not dangerous unless they are used as weapons and become dangerous when employed in an assault; the character of a dangerous weapon attaches by adoption when the instrumentality is applied to use against another in furtherance of an assault, and when the purpose is evidenced by an act and the instrumentality is adapted to accomplishment of the assault and capable of inflicting serious injury, the instrumentality is a dangerous weapon.

2. ROBBERY — DANGEROUS WEAPONS — STICKS.

It is a question of fact for the trier of fact in a trial for armed robbery to determine whether a stick is a dangerous weapon in a particular case.

3. ROBBERY — DANGEROUS WEAPONS.

A finding that an article is a dangerous weapon in a trial for

armed robbery is not dependent upon the victim's reasonable belief that it is such.

DISSENT BY D. C. RILEY, P.J.

4. ROBBERY — ARMED ROBBERY — DANGEROUS WEAPONS.

*The statute on armed robbery requires that the victim be assaulted with a dangerous weapon before the defendant can be convicted of armed robbery (MCL 750.529; MSA 28.797).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Craig A. Daly (Gary Granader,* of counsel), for defendant on appeal.

Before: D. C. RILEY, P.J., and CYNAR and H. R. GAGE,* JJ.

CYNAR, J. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, was sentenced to serve from 20 to 30 years in prison and appealed. In our initial decision released on August 11, 1981, and unreported, we held that there was insufficient evidence of a dangerous weapon as defined in the armed-robbery statute. The prosecutor's subsequent motion for rehearing was granted. After careful reconsideration of the issue we conclude that our prior decision in this matter was in error.

A brief statement of the facts is in order. On June 17, 1979, complainant and her husband were walking to church when they were approached from behind by the defendant and his accomplice and were pushed to the ground. Defendant's accomplice hit complainant's husband with a three-

* Circuit judge, sitting on the Court of Appeals by assignment.

foot-long stick while defendant grabbed complainant's purse. Defendant and his accomplice then ran off and were eventually caught and arrested by an off-duty police officer who witnessed the incident.

According to the testimony during trial the complainant did not see the accomplice hit her husband with the stick and, in fact, did not see a stick. While on the ground she turned around and observed two men running away from her very quickly. There was no evidence presented that complainant was hit with a stick either by defendant or his accomplice. It was stipulated that complainant's husband was unable to testify during trial because of a mental condition which predated the incident.

The armed-robbery statute provides:

"Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery as defined in this section, the sentence shall be not less than 2 years imprisonment in the state prison." MCL 750.529; MSA 28.797.

The portion of the statute in question is that part which states "* * * such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon * * *." MCL 750.529; MSA 28.797.

Defendant argues that a stick is not, in and of

itself, a dangerous weapon and therefore falls within the armed-robbery statute, if at all, only when "used * * * in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon". Since the complainant never saw the stick, the argument goes, she could not have been led to reasonably believe it to be a dangerous weapon.

Perhaps if defendant's basic premise were correct the argument might be viable. However, we cannot agree with the premise that a stick is not a dangerous weapon.

In *People v Goolsby,* 284 Mich 375, 378; 279 NW 867 (1938), the Court defined the term "dangerous weapon" as follows:

"Some weapons carry their dangerous character because so designed and are, when employed, *per se,* deadly, while other instrumentalities are not dangerous weapons unless turned to such purpose. The test as to the latter is whether the instrumentality was used as a weapon and, when so employed in an assault, dangerous. The character of a dangerous weapon attaches by adoption when the instrumentality is applied to use against another in furtherance of an assault. When the purpose is evidenced by act, and the instrumentality is adapted to accomplishment of the assault and capable of inflicting serious injury, then it is, when so employed, a dangerous weapon."

*Goolsby* involved the felonious assault statute, MCL 750.82; MSA 28.277, and the application of that statute's use of "dangerous weapon" to a charge involving the use of an automobile. The Court held that an automobile fell within the definition of a "dangerous weapon". In *People v Hale,* 96 Mich App 343; 292 NW2d 204 (1980), *vacated on other grounds* 409 Mich 937; 298 NW2d 421 (1980), it was held that a shoe could supply the

dangerous weapon element of felonious assault. Likewise, in *People v Knapp,* 34 Mich App 325, 334; 191 NW2d 155 (1971), the Court answered the claim that a broomstick was not a dangerous weapon with the following statement:

"We point out that, before the discovery of guns and gunpowder, man had had a long history of inflicting mortal wounds with but a slender shaft propelled by hand."

Turning specifically to application of the armed-robbery statute, it was held in *People v Williams,* 1 Mich App 441; 136 NW2d 774 (1965), *lv den* 377 Mich 705 (1966), that the trial court's determination that defendant used a dangerous weapon, to wit: a bottle, was a finding of fact under the statute. In *People v Winfield,* 39 Mich App 281; 197 NW2d 541 (1972), *lv den* 389 Mich 766 (1973), the Court held that a bottle used to hit the victim over the head could fit the *Goolsby* definition of dangerous weapon. With these cases as precedent, we cannot say that a stick is not a dangerous weapon as a matter of law. Whether or not it is one in a particular case is a question of fact for the jury.

Moreover, a finding that an article is a dangerous weapon is not dependent upon the victim's reasonable belief that it is such. In *Winfield, supra,* the Court rejected the defendant's claim that, because there was no testimony that the victim saw a knife, a directed verdict on the charge of armed robbery should have been granted. The Court found that the testimony of a witness other than the victim provided ample evidence that an armed robbery with a knife occurred. In *People v Parker (On Rehearing),* 100 Mich App 406; 299 NW2d 56 (1980), the Court again rejected the

argument that because the victim never actually saw the knife the defendant could not be convicted of armed robbery.

The portion of the armed-robbery statute regarding the alternative "or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon" was intended to apply to factual situations different from that involved in the instant case. For example, unloaded or inoperable guns or a hand stuck in a pocket are not "dangerous weapons" under the *Goolsby* definition. However, such articles are apt to lead the victim to reasonably believe them to be dangerous weapons and for this reason these articles fall within the provisions of the armed-robbery statute. See *People v Gibson,* 94 Mich App 172; 288 NW2d 366 (1979).

Although defendant did not use the stick himself, his criminal responsibility for the acts of his accomplice is predicated on the statute providing punishment of aiders and abettors, MCL 767.39; MSA 28.979.

As to defendant's other contentions, we agree that the trial court erred in refusing to rule on the admissibility of certain testimony outside the jury's presence. See MRE 103(c). We do not find, however, that the prosecutor's comments made in response to defense counsel's objection constituted misconduct. Any prejudice which may have resulted therefrom was eliminated by the trial court's instruction that the attorney's statements were not evidence. See *People v Mathis,* 92 Mich App 670, 676; 285 NW2d 414 (1979).

Finally, defendant argues that the trial court abused its discretion by allowing complainant to testify as to her husband's physical condition after the criminal incident. We conclude that the trial

court's determination that the testimony was more relevant than prejudicial did not amount to an abuse of discretion. See MRE 403, *People v Melvin,* 70 Mich App 138, 144; 245 NW2d 178 (1976).

Defendant's conviction is affirmed.

H. R. GAGE, J., concurred.

D. C. RILEY, P.J. *(dissenting).* I respectfully dissent. The majority contends that the basic issue is whether or not a stick is a dangerous weapon. This is not the crucial issue before us. The thorny question is whether or not MCL 750.529; MSA 28.797 requires that the complainant be assaulted with a dangerous weapon before the defendant can be convicted of armed robbery. I reason that it does.

A person who assaults another, stealing their property, while "being armed with a dangerous weapon, or any article used or fashioned" as a dangerous weapon is guilty of armed robbery. MCL 750.529; MSA 28.797. The statute does not define, nor does case law, the term "being armed". However, reading the statute as a whole and keeping it internally consistent with the other provisions, I conclude the statute requires that the dangerous weapon be used in the assault of the complainant.

For a nondangerous weapon to be used or fashioned so as to "lead the person so assaulted" to believe it is a dangerous weapon, the complainant must be aware of its use in the assault. By analogy then, it is necessary for the dangerous weapon to be used in the assault so that complainant is aware of it for a conviction of armed robbery to stand.

I would affirm this Court's earlier opinion in this matter, reversing.