*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

EVAN ANDREW OSLUND,

        Defendant-Appellant.

UNPUBLISHED
March 30, 2023

No. 360675
Livingston Circuit Court
LC No. 22-027137-FH

Before: HOOD, P.J., and JANSEN and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as on leave granted[1] the circuit court order denying his motions to quash and to dismiss for lack of personal jurisdiction. Defendant, a juvenile who is charged as an adult under the automatic waiver statute, MCL 764.1f, stands charged with assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84(1)(a), on a theory of aiding and abetting. We affirm.

## I. BACKGROUND

The facts giving rise to this case began when QD, a 16-year-old boy, started at a new school following the summer break. QD was befriended by a fellow student, codefendant TI, who invited QD to hang out with some of TI's other friends at a skate park near the school. While at the skate park, TI and codefendant CB attacked QD. They punched him until he fell on the ground and then began kicking him repeatedly, causing bruising, a concussion, and post-traumatic stress disorder. A video of the assault circulated around school, and an assistant principal who watched the video identified QD's assailants as codefendants. Another student at the school then reported to the

---

[1] This Court denied defendant's initial application for leave to appeal. *People v Oslund*, unpublished order of the Court of Appeals, entered July 6, 2022 (Docket No. 360675). Defendant applied for leave to appeal in the Supreme Court, and the Supreme Court remanded the case to this Court for consideration as on leave granted. *People v Oslund*, ___ Mich ___; 978 NW2d 119 (2022) (Docket No. 164621).

assistant principal that it was defendant who took the video of the assault. The assistant principal confronted defendant, who admitted that CB requested that defendant record the assault and send him the video. All three boys were charged as adults with AWIGBH under the automatic waiver statute, MCL 764.1f. Defendant filed motions in the circuit court to quash the bindover and to dismiss for lack of personal jurisdiction premised on the argument that the prosecution failed to establish that "the juvenile [was] armed with a dangerous weapon" as required under MCL 764.1f(2)(b). These motions were denied, and this appeal followed.

## II. DISCUSSION

Defendant argues that the trial court erroneously concluded that the footwear worn by QD's assailants were dangerous weapons for the purposes of the automatic waiver statute. We disagree.

"A circuit court's decision to grant or deny a motion to quash charges is reviewed de novo to determine if the district court abused its discretion in binding over a defendant for trial." *People v Jenkins*, 244 Mich App 1, 14; 624 NW2d 457 (2000). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Young*, 276 Mich App 446, 448; 740 NW2d 347 (2007). "To the extent that a lower court's decision on a motion to quash an information is based upon interpretation of the law," this Court reviews the decision de novo. *People v Maye*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357233); slip op at 3. "A circuit court's decision with respect to a motion to quash a bindover order is not entitled to deference because this Court applies the same standard of review to this issue as the circuit court." *People v Hudson*, 241 Mich App 268, 276; 615 NW2d 784 (2000). Therefore, this Court "essentially sits in the same position as the circuit court when determining whether the district court abused its discretion." *Id*.

Generally, the family division of the circuit court has exclusive jurisdiction over juveniles who commit criminal offenses. *People v Conat*, 238 Mich App 134, 139; 605 NW2d 49 (1999), citing MCL 712A.1(1)(c); MCL 712A.2(a)(1). However, "an 'automatic waiver' process exists [under MCL 764.1f] whereby prosecutors may choose to 'waive' certain juvenile offenders into the circuit court to be tried as adults." *Conat*, 238 Mich App at 140. "The effect of these automatic waiver provisions is that the prosecutor has discretion whether to charge a juvenile at least fourteen years of age who commits specified serious felonies as an adult or as a juvenile." *Id*. at 141-142. MCL 764.1f(1) provides:

> If the prosecuting attorney has reason to believe that a juvenile 14 years of age or older but less than 18 years of age has committed a specified juvenile violation, the prosecuting attorney may authorize the filing of a complaint and warrant on the charge with a magistrate concerning the juvenile.

Defendant is charged with AWIGBH. Under MCL 764.1f(2)(b), AWIGBH constitutes a specified juvenile violation, but only "if the juvenile is armed with a dangerous weapon." The term "dangerous weapon" is defined, relevant to this case, as including "[a]n object that is likely to cause death or bodily injury when used as a weapon and that is used as a weapon or carried or possessed for use as a weapon." MCL 764.1f(2)(b)(*iii*).

The prosecution asserts that the "dangerous weapon" that served as the basis for the automatic waiver in this case was the footwear worn by QD's assailants. Defendant argues that, for the purposes of the juvenile waiver statute, footwear is not a dangerous weapon.

> This Court's primary goal in construing a statute is to determine and give effect to the intent of the Legislature, turning first to the statutory language to ascertain that intent. In construing a statute, we interpret defined terms in accordance with their statutory definitions and undefined terms in accordance with their ordinary and generally accepted meanings. When statutory language is unambiguous, judicial construction is not required or permitted because the Legislature is presumed to have intended the meaning it plainly expressed. [*People v Campbell*, 329 Mich App 185, 193-194; 942 NW2d 51 (2019) (quotation marks, citations, and alteration omitted).]

There does not appear to be any caselaw expanding upon the meaning of the term "dangerous weapon" in the context of this statute, but there is a body of caselaw expanding upon the term's meaning in the context of felonious assault.[2] In *People v Goolsby*, 284 Mich 375, 378; 279 NW 867 (1938), our Supreme Court held that objects that were not designed for the purpose of being weapons can nonetheless be dangerous weapons, depending on "whether the instrumentality was used as a weapon and, when so employed in an assault, dangerous." In subsequent cases, this Court has repeatedly held that footwear can be a dangerous weapon for the purposes of felonious assault. See *People v Buford*, 69 Mich App 27, 32; 244 NW2d 351 (1976) (holding that a boot can be a dangerous weapon); see also *People v Hale*, 96 Mich App 343, 345; 292 NW2d 204 (1980), vacated on other grounds 409 Mich 937 (1980) (holding that a shoe can be a dangerous weapon).

Defendant argues that this Court should assign the term a different definition under the automatic waiver statute. "Statutes that address the same subject or share a common purpose are *in pari materia* and must be read together as a whole." *People v Anderson*, 330 Mich App 189, 197; 946 NW2d 825 (2019) (quotation marks and citation omitted). Felonious assault is governed by the Michigan Penal Code, MCL 750.1 *et seq.*, and the automatic waiver of juvenile offenders is governed by the Code of Criminal Procedure, MCL 760.1 *et seq.* "[A]lthough the Penal Code and the Code of Criminal Procedure were separately enacted and have distinct purposes, the two codes relate generally to the same thing and must therefore be read *in pari materia*. . . ." *People v Washington*, 501 Mich 342, 354 n 29; 916 NW2d 477 (2018) (quotation marks, citation, and alteration omitted). "The object of the rule *in pari materia* is to carry into effect the purpose of the legislature as found in harmonious statutes on a subject." *Anderson*, 330 Mich App at 197 (quotation marks and citation omitted). "This general rule of statutory interpretation requires courts to examine the statute at issue in the context of related statutes, and statutes that involve the same subject matter are *in pari materia* and must be construed together for purposes of determining legislative intent." *People v Robar*, 321 Mich App 106, 120-121; 910 NW2d 328 (2017) (quotation marks and citation omitted).

---

[2] Under MCL 750.82(1), a person is guilty of a felony if the person "assaults another person with a . . . dangerous weapon . . . ."

Because the Penal Code and the Code of Criminal Procedure are *in pari materia*, they "must be construed together for purposes of determining legislative intent." *Id*. at 120-121 (quotation marks and citation omitted). It follows, therefore, that the Legislature intended that the term "dangerous weapon" be accorded the same meaning in each statute. This conclusion is further bolstered when one examines the purpose the term serves in each respective statute. In the Penal Code, the term is used to denote when a simple assault is elevated to a felonious assault. In the Code of Criminal Procedure, the term is used to denote when the offense of AWIGBH is serious enough that the prosecutor may charge a juvenile offender as an adult. In both statutes the severity of an offense is elevated when it is committed using a dangerous weapon. Because the term is used to serve the same purpose within statutes that are *in pari materia*, it should be given the same meaning in both. Because a shoe is "likely to cause . . . bodily injury when used as a weapon," MCL 764.1f(2)(b)(*iii*), the circuit court did not abuse its discretion by denying defendant's motions to quash the bindover and dismiss for lack of personal jurisdiction.

Affirmed.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly