## PEOPLE v TULLIE

Docket No. 74315. Submitted December 18, 1984, at Detroit.—Decided January 24, 1985.

Troy L. Tullie was convicted of armed robbery, Wayne Circuit Court, Michael L. Stacey, J. Defendant appealed, alleging that there was insufficient evidence of his having been armed to satisfy that element of armed robbery and that he was denied effective assistance of counsel by his counsel's failure to make certain motions or objections. *Held:*

1. The complainant's testimony that the defendant held his hand in his pocket indicating that he had a gun was sufficient to support the element of being armed. It is not necessary for the victim of an armed robbery to actually see the weapon.

2. Defendant was not denied the effective assistance of counsel. The motions and objections defendant alleges should have been made would have been frivolous. Defense counsel's representation of defendant did not fall below the required standards.

Affirmed.

1. ROBBERY — ARMED ROBBERY — EVIDENCE OF WEAPON — CRIMINAL LAW.

A defendant may be convicted of armed robbery even if the weapon was not actually seen by the complainant; testimony by the complainant that the defendant held his hand in his pocket indicating that he had a gun was sufficient to satisfy the element of being armed (MCL 750.529; MSA 28.797).

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

A defendant may be denied effective assistance of counsel where

REFERENCES FOR POINTS IN HEADNOTES

[1] 67 Am Jur 2d, Robbery § 4.

Parts of human body, other than feet, as deadly or dangerous weapons for purposes of statutes aggravating offenses such as assault and robbery. 8 ALR4th 1268.

[2] 21A Am Jur 2d, Criminal Law § 985.

Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.

his counsel fails to perform at least as well as a lawyer with ordinary training and skill in the criminal law or makes a serious error but for which the defendant would have had a reasonable chance of acquittal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *A. George Best II,* Assistant Prosecuting Attorney, for the people.

*John McCloskey,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and CYNAR and C. W. SIMON, JR.,* JJ.

PER CURIAM. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797. He was sentenced to a minimum of 8 years and a maximum of 20 years imprisonment. Defendant appeals to this Court as of right.

Defendant's first claim is that there was insufficient evidence to satisfy the armed element of the crime of armed robbery. At trial the complainant, Mary Conry, testified that the assailant held his hand in his pocket indicating he had a gun. This evidence was sufficient to support conviction for armed robbery. A defendant may be convicted for armed robbery even if the weapon was not actually seen by the complainant. *People v Hayden,* 132 Mich App 273, 293; 348 NW2d 672 (1984); *People v McCadney,* 111 Mich App 545; 315 NW2d 175 (1981); *People v Krist,* 93 Mich App 425; 287 NW2d 251 (1979), *lv den* 407 Mich 963 (1980). This case is unlike *People v Parker,* 417 Mich 556; 339 NW2d 455 (1983), *cert den* — US —; 104 S Ct 2180; 80 L Ed 2d 561 (1984), where no evidence of the presence of a weapon was adduced at trial.

* Circuit judge, sitting on the Court of Appeals by assignment.

The evidence when viewed in the light most favorable to the prosecution is sufficient as to each element of the offense, so as to warrant a finding of guilt beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), *reh den* 407 Mich 1164 (1980).

Defendant also suggests that he was denied effective assistance of counsel. The test for effective assistance of counsel is stated in *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), *reh den* 399 Mich 1041 (1977). It is a two-pronged test. A lawyer must perform at least as well as a lawyer with ordinary training and skill in the criminal law. A defendant may also be deprived of effective assistance of counsel if trial counsel makes a serious error but for which defendant would have had a reasonable chance of acquittal. *Garcia, supra.* This test parallels the test for effective assistance of counsel recently announced in *Strickland v Washington,* — US —; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Under *Strickland* there is a strong presumption of effective assistance of counsel.

To support his position, defendant points to the fact that trial counsel did not make a motion to quash the information or to suppress evidence nor did he object to an identification obtained during a line-up conducted in the presence of counsel. We disagree. The motions would have been frivolous. The police arrested defendant based on probable cause. *Beck v Ohio,* 379 US 89; 85 S Ct 223; 13 L Ed 2d 142 (1964). A search incident to a lawful arrest is valid. *People v Nelson,* 29 Mich App 251; 185 NW2d 183 (1970). The police line-up was constitutionally valid; the subsequent in-court identification was admissible. *People v Johnson,* 113 Mich App 414, 419; 317 NW2d 645 (1982). Defense counsel is not required to make useless motions. *People*

*v Viaene,* 119 Mich App 690; 326 NW2d 607 (1982). Defense counsel's representation of defendant did not fall below the standard stated in *Garcia* and *Strickland.*

Defendant's conviction is affirmed.