## PEOPLE v BURDEN

Docket No. 76681. Submitted December 17, 1984, at Detroit.—Decided January 25, 1985.

Jimmy Burden was convicted of two counts of armed robbery following a jury trial in Recorder's Court of Detroit, M. John Shamo, J. Prior to trial defendant indicated that he wished to represent himself at trial. The trial court asked the defendant if he understood the charges and possible penalties and inquired again whether the defendant still wanted to represent himself. The court then found that defendant was capable of handling his own defense and that defendant was aware of what he was doing. The trial court instructed the jury on the charged crime of armed robbery. There was no request for instructions on lesser included offenses and the trial judge did not *sua sponte* give instructions on lesser included offenses. Defendant appeals. *Held:*

1. The record establishes that defendant's request to represent himself at trial was unequivocal and was made knowingly, intelligently and voluntarily and that his self-representation would not be disruptive or burdensome upon the court or the administration of the court's business; accordingly, there was no error in the trial court's permitting the defendant to proceed to represent himself at trial.

2. One who knowingly and voluntarily elects to represent himself cannot thereafter assert as error that his self-representation deprived him of effective assistance of counsel.

3. A trial court is not required to instruct the jury *sua sponte* as to the lesser included offenses of armed robbery.

4. The testimony of the victim that the defendant held his

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21A Am Jur 2d, Criminal Law §§ 776, 975, 993-995.

Existence and extent of right to litigant in civil case, or of criminal defendant, to represent himself before state appellate courts. 24 ALR4th 430.

Accused's right to represent himself in state criminal proceedings—modern state cases. 98 ALR3d 13.

[3, 4] 67 Am Jur 2d, Robbery §§ 72, 73.

75 Am Jur 2d, Trial §§ 578, 876 *et seq.*

Effect of failure or refusal of court, in robbery prosecution, to instruct on assault and battery. 58 ALR2d 808.

hand in his pocket in such a way that it was believed that he had a gun was sufficient evidence to satisfy the "being armed" element, even though the victim never actually saw a weapon. The jury was properly instructed that they must find that the defendant was armed with a dangerous weapon or an article used or fashioned in a manner to lead the victim to believe it to be a dangerous weapon.

Affirmed.

1. CRIMINAL LAW — TRIAL — ASSISTANCE OF COUNSEL — CONDUCTING OF OWN DEFENSE.

A criminal defendant has both the constitutional and statutory right to represent himself; however, where a criminal defendant asks that the court permit him to discharge his counsel and to proceed with his own defense, the request should be granted only upon the court's determination that the request is unequivocal, that the defendant's request was knowingly, intelligently and voluntarily made, and that defendant's self-representation will not disrupt, unduly inconvenience or burden the court and the administration of the court's business (US Const, Am VI; Const 1963, art 1, § 13; MCL 763.1; MSA 28.854).

2. CRIMINAL LAW — TRIAL — ASSISTANCE OF COUNSEL — CONDUCTING OF OWN DEFENSE — APPEAL.

A criminal defendant who decides to proceed without the assistance of counsel and to conduct his own defense may not assert on appeal that his self-representation deprived him of effective assistance of counsel.

3. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES — MANDATORY INSTRUCTIONS.

It is not error mandating reversal for a trial judge to fail to instruct *sua sponte* on the lesser included offenses of armed robbery, since such *sua sponte* instructions on lesser included offenses are required only where the defendant is charged with first-degree murder.

4. ROBBERY — ARMED ROBBERY — WEAPONS — JURY INSTRUCTIONS.

Conviction of armed robbery requires proof that the defendant possessed an article which is in fact a dangerous weapon or which is harmless in itself but which is used in a manner to induce a reasonable belief that it is a dangerous weapon; a conviction for armed robbery is proper where, although the victim never saw a weapon, the testimony establishes that the defendant held his hand in his pocket in such a way as to cause the victim to believe that the defendant had a gun in his

pocket and the jury is instructed that to convict for armed robbery they must find that the defendant was armed with a dangerous weapon or an article used or fashioned in a manner to lead the victim to believe it to be a dangerous weapon (MCL 750.529; MSA 28.797; CJI 18:1:01[4]).

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Edward Reilly Wilson*, Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon*, Assistant Prosecuting Attorney, for the people.

*Samuel W. Barr*, for defendant on appeal.

Before: V. J. BRENNAN, P.J., and CYNAR and C. W. SIMON, JR.,* JJ.

PER CURIAM. Defendant was convicted of two counts of armed robbery, MCL 750.529; MSA 28.797, after a jury trial in September, 1983. Defendant was sentenced to concurrent prison terms of 60 to 100 years, with a recommendation of no parole. Defendant appeals to this Court as of right.

Defendant's first claim is that the trial court erred in finding the defendant competent to represent himself. A criminal defendant's right to proceed *in propria persona* is guaranteed by the Michigan Const 1963, art 1, § 13 and by MCL 763.1; MSA 28.854. The right to self-representation is implicitly guaranteed by the Sixth Amendment to the Constitution of the United States. *Faretta v California*, 422 US 806; 95 S Ct 2525; 45 L Ed 2d 562 (1975). However, this right is not absolute. In *People v Anderson*, 398 Mich 361, 367-368; 247 NW2d 857 (1976), the Court listed three requirements to be considered when a defendant asks to proceed *in propria persona:* (1) the request must be unequivocal; (2) the defendant must act knowingly,

* Circuit judge, sitting on the Court of Appeals by assignment.

intelligently and voluntarily; and (3) defendant's self-representation will not disrupt, unduly inconvenience and burden the court and the administration of the court's business.

The first and third requirements were clearly met in this case. The issue is whether defendant's waiver was knowing, intelligent and voluntary. The defendant must be aware of the dangers and disadvantages of self-representation. The record should show that he knows what he is doing and that his choice was a fully informed one. *People v Holcomb,* 395 Mich 326, 337; 235 NW2d 343 (1975); *Faretta v California, supra.* There are no exact guidelines regarding what warnings should be given to a defendant who wishes to proceed *in propria persona.* In this case, after prompting by the prosecutor, the judge asked the defendant if he understood the charges and possible penalties, if he still wanted to represent himself and whether he wanted the assistance of standby counsel. The trial judge commented on the defendant's ability to conduct his own defense stating:

> "[Defendant,] to me, is an intelligent man and he speaks very eloquently and he seems to know what he's doing as far as this court is concerned. He might not think exactly the way we think about handling something, but he knows what he is doing as far as I'm concerned and I don't think there's anything wrong with him mentally. I think he's a sharp intelligent individual * * *."

Furthermore, we note that the trial court complied with GCR 1963, 785.4(3) by informing the defendant of his right to counsel at no cost to himself. The record clearly reflects it was defendant's choice to proceed *in propria persona.*

The choice was unequivocally made by defendant against the advice of the court and able trial

counsel. Defendant was assisted by appointed counsel acting in a standby capacity. We find no error in the trial court's decision to allow defendant to proceed *in propria persona.*

Defendant also claims that errors he made in the course of his self-representation deprived him of effective assistance of counsel. This argument is foreclosed to defendant. In *Faretta, supra,* the United States Supreme Court stated:

"The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel'." *Faretta,* 422 US 835, fn 46.

Defendant also claims that the trial judge erred by not instructing *sua sponte* on lesser-included offenses. Defendant specifically declined such instructions even though standby counsel urged him to request them. Defendant relies on *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975), which held that the trial court must instruct a jury on the lesser-included offense of second-degree murder in cases where the defendant is charged with first-degree murder. This is the only exception to the rule requiring that a request must be made for instructions on lesser-included offenses. *People v Kamin,* 405 Mich 482, 493, fn 1; 275 NW2d 777 (1979); *People v Stephens,* 416 Mich 252, 261; 330 NW2d 675 (1982). Reviewing courts in this state have expressly declined to expand the *Jenkins* rule to include other offenses. *People v Johnson,* 409 Mich 552, 562; 297 NW2d 115 (1980); *People v Casey,* 120 Mich App 690, 697; 327 NW2d

337 (1982). The trial court did not err by not instructing on lesser-included offenses on its own motion.

Finally, defendant claims that there was no evidence that he was armed and the jury was improperly instructed on the "armed" element of armed robbery. The complainant testified that defendant held his hand in his pocket in such a way that it was believed that he had a gun. A number of cases have held that a concealed hand, held in such a manner as to resemble a pistol, may satisfy the "armed" element of armed robbery. *People v Jury,* 3 Mich App 427; 142 NW2d 910 (1966); *People v Washington,* 4 Mich App 453, 455-456; 145 NW2d 292 (1966), *lv den* 379 Mich 783 (1967). Defendant claims, however, that *People v Saenz,* 411 Mich 454; 307 NW2d 675 (1981), and *People v Parker,* 417 Mich 556; 339 NW2d 455 (1983), *cert den* — US —; 104 S Ct 2180; 80 L Ed 2d 561 (1984), preclude conviction based on a reasonable belief that defendant was armed. In both of those cases there was no evidence that the victims saw a weapon or another item fashioned to simulate a weapon. The Court ruled that it was error to instruct the jury that it could convict merely on the victims' reasonable belief that the defendant was armed. *Parker, supra,* and *Saenz, supra,* require more than a belief that the defendant was armed in order to convict.

In this case the trial court gave the instruction provided in CJI 18:1:01(4), which repeats the language of the statute. That instruction requires that, in order to satisfy the "armed" element of the offense, the jury must find that the defendant was in fact armed with a dangerous weapon or that the defendant used an item fashioned to simulate a dangerous weapon. This instruction is more than the "merely reasonable belief" instruc-

tion that the Court disapproved of in *Parker* and *Saenz.* Since the instruction did not state the erroneous standard at issue in those cases, there was no error.

Defendant's convictions are affirmed.