PEOPLE v GRIHM

Docket No. 83090. Submitted November 6, 1985, at Detroit.—Decided January 7, 1986.

Norman Grihm was charged with armed robbery. The complaining witness at the preliminary examination testified that defendant had, during the robbery, held his hand under his shirt, moving it in such a way that she noticed it, and that she believed that he had a gun or a knife. The examining magistrate ruled that a concealed hand did not satisfy the element of being armed and bound the defendant over for trial on a charge of unarmed robbery. The prosecution made a motion for reinstatement of the armed robbery charge. The Recorder's Court of Detroit, Samuel C. Gardner, J., affirmed the decision of the magistrate. The prosecution appealed by leave granted. *Held:*

1. A defendant may be convicted of armed robbery even if the weapon was not actually seen by the complainant. A concealed hand held in such a way as to make the complainant believe that the defendant had a weapon is sufficient to satisfy the "being armed" element of armed robbery. The case is distinguishable from the case relied upon by the lower courts in which the only evidence suggesting the presence of a weapon was the defendant's verbal threat to stab the victim if she did not cooperate.

2. It is the magistrate's duty to bind a defendant over for trial if it appears that a crime has been committed and there is probable cause to believe that the defendant committed it. Where the evidence conflicts or there is a reasonable doubt of the defendant's guilt the questions raised should be left for the jury upon trial.

Reversed. The defendant is to be bound over for trial on the charge of armed robbery.

REFERENCES

Am Jur 2d, Robbery §§ 5-8, 84, 86.

Am Jur 2d, Weapons and Firearms § 29.

Robbery by means of toy or simulated gun or pistol. 81 ALR3d 1006.

See also the annotations in the ALR3d/4th Quick Index under Weapons.

1. Robbery — Armed Robbery — Presence of Weapon.

A defendant may be convicted of armed robbery even if the weapon was not actually seen by the complainant; the defendant's holding his hand in a pocket in such a way that the complainant believed he had a gun is sufficient to satisfy the element of being armed (MCL 750.529; MSA 28.797).

2. Criminal Law — Appeal — Magistrates.

A reviewing court may not substitute its judgment for that of a magistrate who presided over a preliminary examination, but may reverse the magistrate's decision only if it appears on the record that there has been an abuse of discretion.

3. Criminal Law — Preliminary Examination — Magistrates.

It is the duty of the examining magistrate to bind a defendant over for trial if it appears at the conclusion of the preliminary examination that a crime has been committed and there is probable cause to believe that the defendant committed it; if evidence conflicts or raises a reasonable doubt of the defendant's guilt, such questions should be left for the jury upon trial (MCL 766.13; MSA 28.931).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Brian Marzec,* Assistant Prosecuting Attorney, for the people.

*Parzen & Parzen* (by *George C. Parzen),* for defendant on appeal.

Before: Shepherd, P.J., and J. H. Gillis and P. J. Clulo,* JJ.

Per Curiam. The defendant was charged with armed robbery, MCL 750.529; MSA 28.797. At the end of the preliminary examination the magistrate bound the defendant over to Detroit Recorder's Court on the reduced charge of unarmed robbery, MCL 750.530; MSA 28.798. The prosecution made a motion for reinstatement of the original charge

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of armed robbery. After a hearing on that motion, the court upheld the decision of the magistrate and found that the magistrate had not abused his discretion in reducing the charge to unarmed robbery. Leave to appeal and a stay of proceedings were granted by this Court on March 11, 1985.

The issue in this case arises out of the specific language of Michigan's armed robbery statute which provides as follows:

"Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery as defined in this section, the sentence shall be not less than 2 years' imprisonment in the state prison." MCL 750.529; MSA 28.797.

At the preliminary examination the complaining witness testified that the defendant had approached her and demanded her purse. His right hand was underneath his cut-off shirt, and he moved it in such a way that she noticed it. She further testified that she believed that the defendant had a gun or a knife. Both lower courts ruled that a concealed hand held in such a manner as to resemble a weapon does not satisfy the "armed" element and that the only way the element can be satisfied is with the use of some "article".

The prosecutor argues that both the magistrate and the trial judge have misconstrued the rule of *People v Parker,* 417 Mich 556; 339 NW2d 455 (1983), and its application to the facts of this case.

Both the magistrate and the trial court held that the *Parker* decision stands for the proposition that armed robbery cannot be made out unless some "article" is in fact used by the robber in such fashion or manner as to induce the reasonable belief that the article is a dangerous weapon. We agree with the position of the prosecutor that the magistrate and the trial court have misread the rule of *Parker*. In *Parker,* the complainant was assaulted as she was getting out of a car in a Detroit parking lot. Her assailant told her that he would stab her with a knife if she did not keep quiet. That is the only evidence in the *Parker* record that would suggest any weapon. In addressing these facts, the Supreme Court stated, p 565:

"It is not enough that the person assaulted is put in fear; a person who is subjected to an unarmed robbery may be put in fear.

"To constitute armed robbery the robber must be armed with an article which is in fact a dangerous weapon—a gun, knife, bludgeon, etc., or some article harmless in itself, but used or fashioned in a manner to induce the reasonable belief that the article is a dangerous weapon.

"Words or threats alone can never be dangerous weapons because the statute is concerned with weapons, not words."

In *People v Tullie,* 141 Mich App 156; 366 NW2d 224 (1985), the complainant testified that the assailant "held his hand in his pocket indicating he had a gun". The Court in *Tullie* stated, p 157:

"A defendant may be convicted for armed robbery even if the weapon was not actually seen by the complainant. *People v Hayden,* 132 Mich App 273, 293; 348 NW2d 672 (1984); *People v McCadney,* 111 Mich App 545; 315 NW2d 175 (1981); *People v Krist,* 93 Mich App 425; 287 NW2d 251 (1979), *lv den* 407 Mich 963 (1980).

This case is unlike *People v Parker,* 417 Mich 556; 339 NW2d 455 (1983), *cert den* — US —; 104 S Ct 2180; 80 L Ed 2d 561 (1984), where no evidence of the presence of a weapon was adduced at trial."

Also, in *People v Burden,* 141 Mich App 160; 366 NW2d 23 (1985), the complainant testified that the defendant had "held his hand in his pocket in such a way that it was believed that he had a gun". The Court went on to state, p 165:

"A number of cases have held that a concealed hand, held in such a manner as to resemble a pistol, may satisfy the 'armed' element of armed robbery. *People v Jury,* 3 Mich App 427; 142 NW2d 910 (1966); *People v Washington,* 4 Mich App 453, 455-456; 145 NW2d 292 (1966), *lv den* 379 Mich 783 (1967). Defendant claims, however, that *People v Saenz,* 411 Mich 454; 307 NW2d 675 (1981), and *People v Parker,* 417 Mich 556; 339 NW2d 455 (1983), *cert den* — US —; 104 S Ct 2180; 80 L Ed 2d 561 (1984), preclude conviction based on a reasonable belief that defendant was armed. In both of those cases there was no evidence that the victims saw a weapon or another item fashioned to simulate a weapon. The Court ruled that it was error to instruct the jury that it could convict merely on the victims' reasonable belief that the defendant was armed. *Parker, supra,* and *Saenz, supra,* require more than a belief that the defendant was armed in order to convict."

It is well established that a reviewing court may not properly substitute its judgment for that of the magistrate, but may reverse only if it appears on the record that there has been an abuse of discretion. *People v Talley,* 410 Mich 378, 385; 301 NW2d 809 (1981). *People v Shipp,* 141 Mich App 610, 612; 367 NW2d 430 (1985). However, the "judgment" of the magistrate in this context is directed to findings of fact. *Talley, supra,* p 386. It is the duty of the magistrate to bind the defendant over for trial if it appears at the conclusion of the

preliminary examination that a crime has been committed and there is probable cause to believe that the defendant committed it. MCL 766.13; MSA 28.931. See also *People v Doss,* 406 Mich 90, 100; 276 NW2d 9 (1979). If evidence conflicts or raises a reasonable doubt of a defendant's guilt, such questions should be left for the jury upon trial. *Doss, supra,* p 103; *Shipp, supra,* p 613.

Under this Court's holdings in *Tullie* and *Burden, supra,* the evidence establishes that the crime of armed robbery was committed and there was probable cause to establish the defendant's guilt. The decision of the magistrate is reversed and the defendant will be bound over to the Detroit Recorder's Court to stand trial on the charge of armed robbery.

Reversed.