## PEOPLE v JOLLY

Docket Nos. 111171, 111196. Submitted June 4, 1991, at Lansing.
    Decided March 3, 1992, at 9:00 A.M. Leave to appeal granted, 440
    Mich –.

    Paul M. Jolly was convicted by a jury in the Genesee Circuit
Court, Donald R. Freeman, J., of unarmed robbery and subse-
quently pleaded guilty of being a second-conviction habitual
offender. The defendant appealed, claiming that the trial court
erred in denying his motion for a directed verdict of acquittal
with respect to the charged crime of armed robbery in view of
the uncontroverted evidence that the defendant, at the time of
the robbery, was not armed with a dangerous weapon, that he
did not conceal his hand in a manner to induce the victim to
believe that he was armed with a dangerous weapon, and that
the victim never saw any article used or fashioned to induce
the belief that the defendant was armed with a dangerous
weapon.

    The defendant also pleaded guilty in the Genesee Circuit
Court, Robert M. Ransom, J., of parole violation, the conviction
being premised on his conviction of unarmed robbery. The
defendant appealed, and the appeals were consolidated.

    The Court of Appeals *held:*

    1. The trial court erred in denying the motion for a directed
verdict, because the proofs supported neither a finding that the
defendant was armed with a dangerous weapon nor a finding
that he was armed with an article fashioned or used to induce
the victim to believe reasonably that he was armed with a
dangerous weapon. While the statute is satisfied where a defen-
dant actually is armed with a dangerous weapon even if the
victim does not see it, the statute is satisfied with respect to an
article that is used or fashioned to induce the victim to believe
that the defendant is armed only where either the victim sees
the article or the defendant uses a concealed hand in a manner

REFERENCES

Am Jur 2d, Robbery §§ 5, 6, 8.
Robbery by means of toy or simulated gun or pistol. 81 ALR3d
    1006.

to induce the victim to hold reasonably that belief. A defendant's statement that he is armed is insufficient, by itself, to satisfy the statute. Because there was no testimony that the defendant actually was armed, that the defendant used a concealed hand in a manner to induce a belief that he was armed, or that the victim saw any article used or fashioned in a manner to induce a belief that it was a weapon, the prosecution failed to establish the elements necessary to convict of armed robbery.

2. Because in the absence of the unwarranted instruction concerning armed robbery the jury might have returned a lesser verdict, retrial is required even though the defendant was convicted of unarmed robbery.

3. The conviction of probation violation, because it arose out of the conviction of unarmed robbery, also must be reversed.

Reversed and remanded.

ROBBERY — ARMED ROBBERY — WEAPONS — EVIDENCE.

Conviction of armed robbery requires a finding that a defendant either actually was armed with a dangerous weapon or was armed with an article used or fashioned in a manner to induce the victim to reasonably believe that the defendant was armed with a dangerous weapon; if a defendant actually was armed with a dangerous weapon, the statute is satisfied even if the victim did not see the weapon; if the charge is premised on the defendant's being armed with an article used or fashioned in a manner to induce the victim to believe that the defendant is armed, the statute is satisfied only if the article actually is seen by the victim or if a concealed hand is used in a manner to induce the victim to believe that the defendant is armed (MCL 750.529; MSA 28.797).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Gladys L. Christopherson,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ralph C. Simpson* and *Laura K. Vickers*), for the defendant on appeal.

Before: CAVANAGH, P.J., and HOLBROOK, JR., and CYNAR,*JJ.

PER CURIAM. Following a jury trial, defendant was convicted of unarmed robbery, MCL 750.530; MSA 28.798. Defendant then pleaded guilty to a supplemental charge of being a second-conviction habitual offender, MCL 769.10; MSA 28.1082, and probation violation. He was sentenced to 9 to 22½ years' imprisonment for the habitual offender conviction and to a concurrent term of 6⅓ to 10 years' imprisonment for violating probation. Defendant appeals as of right. We reverse.

I

Jennifer Herzog, testifying as a prosecution witness, stated that she and defendant, her former boyfriend, decided to rob someone in order to buy drugs. She and defendant entered an Arby's restaurant and ordered some food. Herzog then placed a bag on the counter and told the employee to put money in it or defendant would shoot him. The cashier did not see defendant with a gun, but testified that there was a bulge under the vest defendant was wearing. The cashier put the money in the sack, and Herzog and defendant left the store with it.

II

Defendant first contends that he was denied a fair trial by the prosecution's use of a prior consistent statement to bolster a witness' credibility. Defendant claims that this alleged error was exacerbated by the prosecutor's testimonial statement

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

to the jury during opening statements. Defendant further maintains that this alleged error must have prejudiced his defense, in light of the fact that the jury submitted a note to the court asking how the investigating officer knew to go to the witness' house. The prosecution argues that defendant received a fair trial, particularly in light of the fact that he failed to object to the alleged error. The prosecution contends that a prior consistent statement was not used during trial. We agree with the prosecution.

As a general rule, neither a prosecutor nor anyone else is permitted to bolster a witness' testimony by referring to prior consistent statements of that witness. *People v Rosales,* 160 Mich App 304, 308; 408 NW2d 140 (1987). While there are exceptions to this rule, such as to rebut a charge of recent fabrication, the exceptions apply only if the earlier consistent statement was given at a time before the existence of any fact that would motivate bias, interest, or corruption on the part of the witness. *People v Lewis,* 160 Mich App 20, 29; 408 NW2d 94 (1987). Because defendant raises this issue for the first time on appeal, we decline to review it absent a showing of manifest injustice. *People v Federico,* 146 Mich App 776, 791; 381 NW2d 819 (1985).

During his opening statement at trial, the prosecutor stated that the witness was going to testify that he told the investigating officer that he remembered the night of the robbery because Herzog and defendant entered his home and began counting the money. The witness then testified during trial to that effect and that he figured that defendant was involved in the robbery. The witness did not state the contents of his conversation with the investigating officer, but merely stated that as a result of the interview, he believed that defendant

was involved in the robbery. We find that this testimony did not include a prior consistent statement, and defendant has failed to show manifest injustice.

## III

Defendant next contends that the trial court erred in denying his motion for a directed verdict, because he was not armed with a dangerous weapon or any article used in a manner to lead the victim to reasonably believe it was a dangerous weapon. Defendant maintains that the evidence failed to show that he made any effort to physically communicate the presence of a dangerous weapon. According to the prosecution, the evidence of Herzog's threat and the presence of the bulge in defendant's vest was sufficient to establish the armed element of the offense.

## A

In reviewing a claim concerning the denial of a motion for a directed verdict, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979); *People v Strunk,* 184 Mich App 310, 325; 457 NW2d 149 (1990).

Armed robbery is defined at MCL 750.529; MSA 28.797:

Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any

article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony.

## B

Two decisions from our Supreme Court are most applicable to this case.

In *People v Saenz,* 411 Mich 454; 307 NW2d 675 (1981), the Court ruled that the trial court erred when it denied the defendant's motion for a directed verdict with respect to a charge of armed robbery. The *Saenz* Court held that the victim's belief that the defendant was armed must be induced by the use or fashioning of an article with which the assailant was armed. Because the victim did not see an article, a bulge under the defendant's coat, or the defendant's hand shaped to look like a weapon and the assailant did not say he had a gun, the Supreme Court reversed the defendant's conviction. *Id.* at 458.

In *People v Parker,* 417 Mich 556; 339 NW2d 455 (1983), the Court held that to convict a defendant of armed robbery, the factfinder must determine that at the time of the robbery the assailant, in fact, was armed with something and not just that the victim thought he was armed. The *Parker* Court stated:

It is not enough that the person assaulted is put in fear; a person who is subjected to an unarmed robbery may be put in fear.

To constitute armed robbery the robber *must be armed* with an article which is in fact a dangerous weapon—a gun, knife, bludgeon, etc., or some article harmless in itself, but used or fashioned in a manner to induce the reasonable belief that the article is a dangerous weapon.

> Words or threats alone can never be dangerous weapons because the statute is concerned with weapons, not words.
>
> *To convict, the factfinder must make the determination that at the time of the robbery the assailant was in fact armed with something and not just that the victim thought he was armed. The determination must be based on the evidence.*
>
> *Words or threats may be evidence of the fact of being armed and under some circumstances they alone might support a verdict of guilty. When no other evidence of the presence of the weapon is adduced, however, it is imperative that the instructions stress the focus of the jury on the presence of the weapon or article and not the fear or belief of the victim.* [*Id.* at 565; emphasis added.]

The victim in *Parker* testified that she did not see a weapon or article fashioned like a weapon, but that the defendant told her to shut up or he would use his knife and stab her. Thus, the Court concluded that jury instructions were erroneous because they required only a finding that the victim reasonably believed that the defendant was armed. *Id.* at 566.

In this case, the robbery took place at an Arby's restaurant. The cashier testified at trial that the woman handed him a paper bag and told him to fill it with money because the man next to her had a gun. The cashier saw a bulge in the vest defendant was wearing. The cashier saw defendant's hands at all times. Herzog testified that defendant did not have a gun.

The trial court instructed the jury concerning armed robbery, unarmed robbery, larceny from a person, and attempted armed robbery. The jury found defendant guilty of unarmed robbery. Because the evidence failed to show that defendant was actually armed with a dangerous weapon or any article that would cause the victim to reason-

ably believe that the article was a dangerous weapon, the trial court erred in denying defendant's motion for a directed verdict with regard to the armed robbery charge.[1]

C

Although our Supreme Court ruled that a robber must be armed with something at the time of the robbery in order to establish the armed element of armed robbery, *Parker, supra,* numerous panels of this Court have held that the use of only a hand and a covering in a manner to resemble a gun satisfies this element. See *People v DeMeyers,* 183 Mich App 286; 454 NW2d 202 (1990); *People v Grihm,* 148 Mich App 285; 383 NW2d 631 (1986); *People v Burden,* 141 Mich App 160; 366 NW2d 23 (1985).[2] However, each of these three cases is distinguishable, because the victim in this case was able to see defendant's hands at all times and saw only a bulge in the vest defendant was wearing. Accordingly, defendant's hand was not "an article" used in a manner to lead the victim to reasonably believe it was a dangerous weapon.

Still, the fact remains that defendant had a bulge in the vest he was wearing. In *People v Tullie,* 141 Mich App 156; 366 NW2d 224 (1985), this Court relied on *People v Hayden,* 132 Mich App 273; 348 NW2d 672 (1984), and *People v*

[1] Even though the jury convicted defendant of unarmed robbery (a plausible verdict under these circumstances) instead of armed robbery, we find it necessary to vacate the conviction and remand for a new trial because there is always prejudice when a jury is allowed to consider a charge unwarranted by the proofs, because a defendant's chance of acquittal on any valid charge is substantially decreased by the possibility of a compromise verdict. *People v Vail,* 393 Mich 460, 464; 227 NW2d 535 (1975).

[2] The issue whether the use of a hand and a covering in such a manner as to resemble a gun satisfies the "being armed" element of armed robbery was not before the *Saenz* Court because no such testimony was in the record. *Saenz, supra* at 458.

*McCadney,* 111 Mich App 545; 315 NW2d 175 (1981), for the rule that a defendant may be convicted of armed robbery even if the weapon was not actually seen by the victim. The victim in *Tullie* testified that the defendant "held his hand in his pocket indicating he had a gun." This Court held that this evidence was sufficient to support an armed robbery conviction. *Tullie, supra,* p 157. However, the *Tullie* Court's interpretation of these two cases conflicts with the Supreme Court's ruling in *Parker.*

The *Hayden* Court reviewed whether the trial court erred in instructing the jury that, if the defendants were in actual possession of a dangerous weapon, they could be convicted of armed robbery even if the weapon was not seen by the victim. The *Hayden* Court, interpreting *Parker, supra,* stated that "mere possession of a dangerous weapon escalates the risk of violence and the degree of danger to the victim, even if the weapon is not seen by the victim." *Hayden, supra,* p 294. *Tullie's* reliance on *Hayden* for the above-stated rule does not take into account that the defendant, in fact, must be armed for the rule to apply.

Similarly, the *Tullie* Court unreasonably relied on *McCadney* for the rule that a defendant may be convicted of armed robbery even if the weapon was not actually seen by the victim. *McCadney* quoted this Court's decision in *People v Parker (On Rehearing),* 100 Mich App 406; 299 NW2d 56 (1980), for that rule. However, this Court's decision in *Parker (On Rehearing)* was reversed by the Michigan Supreme Court. *Parker, supra,* 417 Mich 556. The *Tullie* Court unsuccessfully attempted to distinguish the Supreme Court's decision in *Parker,* but no evidence of the presence of a weapon was adduced in either case. Thus, a defendant may be convicted of armed robbery even if the weapon

was not actually seen by the victim, but only if the defendant, in fact, was armed with an article fashioned to induce the victim to believe the defendant was armed.

The Michigan Supreme Court cases *Saenz* and *Parker* mandate a directed verdict for defendant with regard to the armed robbery charge. Both cases correctly interpret the armed robbery statute as requiring that a defendant actually be armed with a dangerous weapon or actually be armed with an article used or fashioned to induce the victim to reasonably believe that the defendant is armed with a dangerous weapon. The rule that a hand that is concealed by a covering and used in a manner to induce the belief that it is a weapon sufficiently satisfies the "being armed" element of the statute is inapplicable here, because the victim saw defendant's hands during the entire time of the robbery. Only when the defendant, in fact, is armed with a dangerous weapon does the rule that a victim need not see the weapon or article to satisfy the statute become applicable, because then, despite the victim's reasonable belief, the weapon's presence escalates the crime to armed robbery. *Hayden, supra.* While a victim need not see the entire article, the defendant must at least have the article in hand and fashion it to lead the victim to believe it is a dangerous weapon, *People v Rutherford,* 140 Mich App 272, 277; 364 NW2d 305 (1985). Thus, we reverse the trial court's denial of defendant's motion for a directed verdict on the armed robbery charge and remand the case for a new trial on the charge of unarmed robbery.[3]

IV

Defendant also claims that his prison sentence

---

[3] Defendant's conviction of probation violation is also reversed. See *People v Tebedo,* 107 Mich App 316; 309 NW2d 250 (1981).

of 9 to 22½ years' imprisonment for the habitual offender conviction should be reversed, because it was based on inaccurate information and irrelevant considerations. We need not address this issue in view of our holding above.

Reversed and remanded for a new trial.