# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

　　　　　　　Plaintiff-Appellee,

v

AURELIO VAZQUEZ, also known as AURELIO
VASQUEZ,

　　　　　　　Defendant-Appellant.

UNPUBLISHED
July 18, 2017

No. 331181
Wayne Circuit Court
LC No. 15-006666-01-FH

Before: FORT HOOD, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of three counts of felonious assault, MCL 750.82, one count of carrying a concealed weapon (CCW), MCL 750.227, and one count of felony-firearm, MCL 750.227b. The trial court sentenced defendant to 23 months to four years' imprisonment for each count of felonious assault, five years of probation for the CCW conviction, and two years' imprisonment for the felony-firearm conviction. We vacate defendant's convictions and remand for a new trial.

## I. ADJOURNMENT OF TRIAL

Defendant asserts that the trial court erred when it denied his request to adjourn the trial to allow his counsel to seek and obtain evidence supporting his alibi defense. We agree.

"This Court reviews the grant or denial of an adjournment for an abuse of discretion." *People v Snider*, 239 Mich App 393, 421; 608 NW2d 502 (2000). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011).

In order "to invoke the trial court's discretion to grant a continuance or adjournment, a defendant must show both good cause and diligence." *People v. Coy*, 258 Mich App 1, 18; 669 NW2d 831 (2003). When the basis for a defendant's motion is either the unavailability of a witness or evidence, MCR 2.503(C) governs. *People v Jackson*, 467 Mich 272, 276; 650 NW2d 665 (2002). In relevant part, MCR 2.503(C)(2) provides that a trial court may grant an adjournment on the basis of unavailable evidence "only if the court finds that the evidence is material and that diligent efforts have been made to produce the . . . evidence."

-1-

"No adjournments, continuances[,] or delays of criminal cases shall be granted by any court except for good cause shown . . . " MCL 768.2. To determine whether "good cause" has been shown, a trial court may look to the following factors: "(1) [whether the defendant] asserted a constitutional right, (2) had a legitimate reason for asserting the right, (3) had been negligent, and (4) had requested previous adjournments." *Coy*, 258 Mich App at 18. However, "[e]ven with good cause and due diligence [shown], the trial court's denial of a request for an adjournment or continuance is not grounds for a reversal unless the defendant demonstrates prejudice as a result of the abuse of discretion." *Id*. at 18-19.

We find that defendant was improperly deprived by the trial court of his right to present an alibi defense. Specifically, defendant's right to present an alibi defense was violated when the trial court denied the request for adjournment in order for defendant to obtain the relevant evidence. Defendant asserted in his written motion for adjournment that, at the time of the incident, he was in possession of an employer-issued telephone and procurement of his employment records could corroborate his alibi defense that he was not physically present at the crime scene. Indeed defense counsel had hired a private investigator and that information was in the motion to adjourn as well.

We can find no basis for the trial court to have denied the motion to adjourn. Defendant unequivocally met the four factors demonstrating good cause; the record shows that (1) defendant asserted his constitutional right to effective assistance of counsel and due process; (2) he had legitimate reason to assert that right because the relevant documents were material to his alibi defense; (3) defendant had not been negligent because defense counsel hired a private investigator to look into the situation and filed a written motion that laid out the defense to the court and the need for adjournment; (4) there were no previous adjournments or requests to adjourn other than the day prior to trial. *Coy*, 258 Mich App at 18. Furthermore, defendant was prejudiced by the trial court's denial of his request for adjournment. Ostensibly, the sought records could demonstrate that defendant was physically elsewhere at the time of the alleged crime and if believed by a jury would be outcome determinative. Therefore, the trial court's denial of the motion was an abuse of discretion.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that defense counsel was ineffective for failing to procure employment records to corroborate his alibi defense. We decline to address this issue. This issue is moot in light of our conclusion that the trial court abused its discretion in refusing to grant the requested adjournment. As previously mentioned, defense counsel in her motion for adjournment stated the necessity of an adjournment to allow her more time to procure the relevant records. Had the trial court granted the motion to adjourn, arguably defense counsel could have been able to procure the sought records.

## III. SUPPRESSION OF EVIDENCE

Defendant argues that the trial court erred when it denied his motion to suppress evidence of the firearm recovered from his vehicle. Specifically, defendant contends that Officer Smigielski's and Brown's actions constituted an unreasonable search and seizure under the

Fourth Amendment because they lacked probable cause to pull him over and search his vehicle. We disagree.

"This Court reviews de novo the trial court's ultimate ruling on the defendant's motion to suppress." *People v Smart*, 304 Mich App 244, 247; 850 NW2d 579 (2014) (citation and quotation marks omitted). Additionally, we review "de novo whether the Fourth Amendment was violated and whether an exclusionary rule applies." *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009). A trial court's factual findings in a ruling on a motion to suppress is reviewed for clear error. *People v Elliott*, 494 Mich 292, 300; 833 NW2d 284 (2013). "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008) (quotation marks omitted).

"Generally, if evidence is unconstitutionally seized, it must be excluded from trial. Exclusion of improperly obtained evidence serves as a deterrent to police misconduct, protects the right to privacy, and preserves judicial integrity." *People v Brown*, 279 Mich App 116, 127; 755 NW2d 664 (2008). "It is well settled that both the United States Constitution and the Michigan Constitution guarantee the right of persons to be secure against unreasonable searches and seizures." *Hyde*, 285 Mich App at 438 (citations and quotation marks omitted). "[T]he reasonableness of a search or seizure depends on "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *People v Williams*, 472 Mich 308, 314; 696 NW2d 636 (2005) (citation and quotation marks omitted). Generally, "[s]earches and seizures conducted without a warrant are unreasonable per se, subject to several specifically established and well-delineated exceptions." *People v Champion*, 452 Mich 92, 98; 549 NW2d 849 (1996), quoting *Katz v United States*, 389 US 347, 357; 88 S Ct 507; 19 L Ed 2d 576 (1967).

A warrantless search may be reasonable if there is probable cause for the search and an exception to the warrant requirement applies. *People v Brzezinski*, 243 Mich App 431, 433; 622 NW2d 528 (2000). One such exception of a permissible warrantless search is an investigative stop, or a *Terry*[1] stop, which is applicable here. In conducting a *Terry* stop, "[a] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." *People v Custer*, 465 Mich 319, 326-327; 630 NW2d 870 (2001). A *Terry* stop allows a police officer to briefly detain a person for the purpose of investigating criminal activity as long as the officer has a "particularized and objective basis for suspecting the particular person stopped of criminal activity," which is based on a totality of the circumstances. *United States v Cortez*, 449 US 411, 417-418; 101 S Ct 690; 66 L Ed 2d 621 (1981).

In this case, defendant's wife called the police, describing defendant's unique appearance, and informing them of the make and model of defendant's vehicle, his name, and that he was armed with a firearm. Not long after Smigielski and Brown received the description of defendant and his vehicle, they spotted a man, matching defendant's physical description, who

---

[1] *Terry v Ohio*, 392 US 1, 88 S Ct 1869, 20 L Ed 2d 889 (1968).

was driving a vehicle that was similar to the vehicle description they received. Further, Smigielski testified that he pulled defendant over only about a mile from the crime scene. Smigielski verified the man was, indeed, defendant and confirmed all of the details of the 911 call. Based on the totality of the circumstances, the officers had a reasonable suspicion to briefly detain defendant to question him. Thus, defendant's seizure was lawful.

Defendant was unable to produce a valid driver's license, prompting Smigielski to place defendant under arrest for driving without a license. Under MCL 257.311, a driver must have his driver's license in his immediate possession at all times when operating a motor vehicle and be able to produce it upon demand by a police office. Violation of MCL 257.311 is a misdemeanor for which a driver can be arrested without a warrant if the offense is committed in the officer's presence. See MCL 257.901; MCL 764.15(1)(a). Because defendant committed the offense in Smigielski's presence, his arrest was also lawful.

Nevertheless, independent of defendant's arrest, the officers were permitted to search defendant's vehicle under the automobile exception. The automobile exception permits a police officer to lawfully search an automobile without a warrant where the officer has probable cause to believe that the vehicle contains contraband. *People v Kazmierczak*, 461 Mich 411, 418; 605 NW2d 667 (2000). "Probable cause exists when the facts and circumstances would allow a reasonable person to believe that the evidence of a crime or contraband sought is in the stated place." *People v Waclawski*, 286 Mich App 634, 698; 780 NW2d 321 (2009). If probable cause justifies the search of a lawfully stopped vehicle, "it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *People v Carter*, 194 Mich App 58, 61; 486 NW2d 93 (1992) (emphasis added).

Smigielski testified that when he effectuated the stop, he knew defendant was allegedly in possession of the firearm used in the crimes that occurred at 8313 Navy Street. After searching the Law Enforcement Information Network (LEIN), Smigielski verified the vehicle was registered to defendant and learned that defendant did not have a concealed weapons permit. Based on this evidence, it was reasonable for the officers to believe that defendant was illegally carrying a firearm in the vehicle. Thus, their search of the glove compartment locked or not, was justified under the automobile exception because there was probable cause to believe defendant's vehicle contained contraband from his criminal activity stemming from an offense other than the offense of his arrest.

Even assuming, arguendo, that the automobile exception was inapplicable, the firearm would have inevitably been discovered during an inventory search that occurred after defendant's valid arrest. Under the inventory exception, police may conduct an inventory search of a vehicle that is being impounded following the driver's valid arrest. *People v Toohey*, 438 Mich 265, 271-272, 284; 475 NW2d 16 (1991). In order to be constitutional, the inventory search must be conducted in accordance with established departmental procedures and not be used as a pretext for a criminal investigation. *Id*. at 284.

Defendant does not dispute that the police conducted the search within established department procedures. Moreover, Brown stated that it is department procedure to search the trunk and the glove compartment, whether locked or unlocked, to be aware of what is inside the car before it is impounded. Smigielski also verified that Brown did not initiate the search until

defendant was already placed under arrest and sitting in the back of the squad car. As discussed above, defendant's arrest was valid. While the officers were aware of the existence of a potential firearm before defendant's arrest, there is no showing that the officers acted in bad faith solely for the pretext of a criminal investigation. See *id*. Therefore, the search of defendant's vehicle was lawful whether under the automobile exception or the inventory exception. Accordingly, the trial court properly denied defendant's motion to suppress because his Fourth Amendment rights were not violated.

## IV.    ADMISSIBILITY OF EVIDENCE

Defendant argues that the audio portion of the in-car police dash cam video should have been admitted because it was relevant to corroborate his testimony in the following ways: (1) defendant did not consent to a search of his vehicle, (2) defendant provided an alibi at the first opportunity, (3) defendant was not intoxicated, and (4) defendant "denied the offense." We disagree. The proponent of evidence excluded by a trial court must make the substance of the excluded evidence known to the trial court in order to preserve the issue of admissibility of the evidence for appeal. MRE 103(a)(2). Defendant made the substance of his offer of proof known regarding whether defendant provided an alibi at first opportunity, thereby preserving the issue for appeal. See *id*. However, defendant's remaining arguments are unpreserved for appellate review because he failed to make their substance known to the trial court when he made an offer of proof for the admission of the audio portion of the video. See *id*.

We review a preserved challenge to a trial court's evidentiary ruling for an abuse of discretion. *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). That is, a "trial court necessarily abuses its discretion when it makes an error of law." *Id*. at 723. Additionally, we review a trial court's decision involving a preliminary question of law such as whether a rule of evidence precludes admission of evidence de novo. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010). Because the rules of evidence are reviewed de novo, if a trial court errs in admitting evidence as a matter of law, it is an abuse of discretion. *Bynum*, 496 Mich at 623.

However, we review an unpreserved challenge to a trial court's evidentiary ruling for plain error affecting defendant's substantial rights. *People v Knox*, 469 Mich 502, 508; 674 NW2d 366 (2004). In order to show plain error, defendant must establish "(1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected defendant's substantial rights." *People v Kowalski*, 489 Mich 488, 506; 803 NW2d 200 (2011). Generally, the "third prong requires a showing of prejudice, which occurs when the error affected the outcome of the lower court proceedings." *People v Putman*, 309 Mich App 240, 243; 870 NW2d 593 (2015). Even if a defendant satisfies all three requirements, appellate reversal is warranted only when the plain error "resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Kowalski*, 489 Mich at 506 (citation and quotation marks omitted).

Under MRE 401, relevant evidence is that evidence, which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable

or less probable than it would be without the evidence." See *People v Bass*, 317 Mich App 241; NW2d (2016); slip op at 9. MRE 402 provides that generally all logically relevant evidence is admissible at trial unless otherwise prohibited by the court rules, or by the state or federal constitutions. *People v Ackerman*, 257 Mich App 434, 439; 669 NW2d 818 (2003). Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Generally, hearsay is inadmissible unless an applicable exception or exclusion applies. MRE 802. However, if "the proponent of the evidence offers the statement for a purpose other than to prove the truth of the matter asserted, then the statement, by definition, is not hearsay." *People v Musser*, 494 Mich 337, 350; 835 NW2d 319 (2013). "[E]ven if an out-of-court statement is not offered for the truth of the matter asserted, the proponent of the evidence must still establish that it is 'relevant' under MRE 401." *Id*. at 355.

Defendant's claim is unfounded. First, with regard to his argument that the audio portion of the video was relevant to show that defendant did not consent to the search of his vehicle, such evidence was irrelevant under MRE 401. Whether defendant consented to the search of his vehicle was not at issue; rather, whether the police had probable cause to search the vehicle after effectuating a traffic stop was at issue. Because evidence of defendant's lack of consent would not have made it any more or less probable that the police had probable cause to search the vehicle, MRE 401 prohibits the admission of such evidence.

Next, any evidence of defendant providing an alibi at "first opportunity" and denying the charged offenses was irrelevant. Defendant testified at trial, denying his involvement in the charged offenses. Thus, any evidence of defendant's alibi defense and denial of the charged offenses would have been cumulative and irrelevant under MRE 401 because it would not have made a fact of consequence more or less probable. Moreover, it is clear that defendant's purpose for admitting the audio portion of the video was only to show that his testimony was consistent with his prior out of court statements made during the traffic stop. Such a purpose constitutes an improper attempt by defendant to bolster his credibility while he was on the stand. See *People v Jolly*, 193 Mich App 192, 195; 483 NW2d 679 (1992), rev'd on other grounds by 442 Mich 458 (1993) (stating that it is generally improper for either party to bolster a witness's testimony by seeking the admission of the witness's prior consistent statement).

Lastly, evidence indicating whether defendant was intoxicated when he was pulled over was irrelevant under MRE 401. Defendant was pulled over for his involvement in a home invasion and felonious assault, which led to his arrest because he was unable to produce a valid driver's license. Thus, defendant's intoxication was of no consequence to any of the charged offenses. See MRE 401.

Even assuming, arguendo, that the audio portion of the video was relevant, defendant's out of court statements constituted inadmissible hearsay. Each statement would constitute hearsay because defendant made the statements out of court and defendant attempted to offer them to prove the truth of the matter asserted. See MRE 801(c). While a prior consistent statement may be excluded from the definition of hearsay if it "is offered to rebut an express or implied charged against the declarant of recent fabrication or improper influence or motive," MRE 801(d)(1)(B), defendant did not seek to introduce statements to rehabilitate his testimony or to rebut a charge of recent fabrication, improper influence, or motive. Thus, the statements

did not fall within an applicable exception or exclusion to hearsay, and the trial court properly excluded the audio portion of the video.

We vacate the defendant's convictions and remand for proceeding consistent with this opinion. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause